## MARGARET McCARTHY vs. JAMES McCARTHY.

The defendant brought a petition for divorce against his wife, the trial of which was commenced and the petitioner had rested his case, when the judge suggested to the counsel that a compromise should be had. Pursuant to this suggestion a compromise was agreed upon to the effect that opposition to the divorce should be withdrawn, that a guardian should be appointed for the children, and that certain real estate of the father should be conveyed to them. The real estate at this time stood in the name of a third party to whom it had been conveyed by the father by an absolute deed but as security for a debt, which debt had been paid, and for aught that appeared had been paid on the day it was due. In accordance with the arrangement the party holding the title afterwards conveyed the real estate to the children, but the father remained in possession. In an action of ejectment afterwards brought by the children to recover possession of the real estate, it was held,—

1. That in the case of an absolute deed given as security for a debt the title is not conditional as in a case of an ordinary mortgage and is not divested by the payment of the debt within the time agreed, and that therefore a conveyance by the party holding the title on the record in the case in question conveyed the legal title.

2. That the father having only an equitable right to a re-conveyance from the party holding the legal title could relinquish such right or bestow it by way of gift, and when the title was conveyed to his children at his request with the intention that the property should be theirs it became as much a gift to them as if he had taken a re-conveyance from the person holding the legal title and conveyed directly to the children in consideration of love and affection.

3. That the compromise entered into in the divorce suit under which the real estate was conveyed to the children could not be regarded as collusive and illegal, because the suggestion of the judge manifestly had reference not to the granting of a divorce but to the custody of the children and a provision for their support, which were in fact the principal elements of the compromise agreement, it being a reasonable presumption that the divorce would have been granted had no compromise been effected.

4. That if the divorce was to be regarded as obtained by means of a collusive and illegal agreement, the title of the children to the real estate would not be affected by it, since they were not parties to the collusive agreement and the gift to them was in itself a perfect gift.

EJECTMENT, brought to the Superior Court in New Haven county, by the plaintiffs, who were minors and sued by a next friend. The defendant pleaded the general issue with notice, which was closed to the court, and the case referred to a committee to report the facts. The following facts were found.

The demanded premises have been in the possession of the defendant since the 17th of May, 1865. In the spring of 1865 he was the owner in fee of the premises, subject to three mortgages; one to the New Haven Savings Bank and Building Association, to secure the sum of $1600, dated April 25th, 1857, one to John J. Phelps & Co., to secure the sum of $400, dated June 23d, 1860, and one to George W. Goodsell, to secure the sum of $160, dated April 21st, 1865.

On the 17th of May, 1865, the defendant, by a quit-claim deed of the usual form, expressed to be for the consideration of one dollar, duly executed, stamped and acknowledged, and recorded in New Haven land records on the same day, conveyed the premises to one Henry Plumb of New Haven. This deed, though absolute in form, was intended as security for a debt.

On the 3d of September, 1866, Plumb became the owner by assignment of the Phelps and Goodsell mortgages, and on the same day, by deed duly executed and recorded, their interest as mortgagees was conveyed to him. In the autumn of 1867 the defendant paid all debts due from him to Plumb, including the amount due on the Goodsell and Phelps mortgages, but no release of the premises was then or at any subsequent time executed by Plumb to the defendant.

On the 2d of April, 1868, Plumb, by a quit-claim deed duly executed, conveyed the premises to Margaret McCarthy, Ellen McCarthy, Richard McCarthy, Johannah McCarthy and James McCarthy, minor children of the defendant, and the plaintiffs in the present suit. This deed was executed under the following circumstances. On the 16th of May, 1865, the defendant brought a petition for divorce against his then wife, Anne McCarthy, to the Superior Court for New Haven county at its September term, 1865. The said Anne appeared in the suit by counsel and defended the same, and the cause came by legal continuances to the March term, 1868, when the trial was commenced. Before the trial was concluded, and after the petitioner had rested his case, upon the suggestion of the judge before whom the trial was had, negotiations took place between the counsel on both sides with a view to

a compromise. These negotiations extended over parts of two days or more, and resulted in an agreement between the counsel, after consultation with their respective clients, that the wife should withdraw her opposition to the petition for divorce, that a guardian of the children should be appointed, and that the premises now demanded should be conveyed to the children. In pursuance of this arrangement and agreement Plumb executed the quit-claim deed in question, bearing date the 1st of April, 1868, to the plaintiffs, with the consent and by the direction of the defendant. After its execution Plumb delivered it to one of the counsel of the petitioner, the present defendant, who thereupon delivered it to one of the counsel of the said Anne, who the next day left it for record.

After the delivery of the deed, upon representations made to the court by the counsel on both sides that the matter had been satisfactorily arranged, a decree of divorce was granted by the court in favor of the present defendant, divorcing him from the said Anne McCarthy.

The premises are still subject to the mortgage to the New Haven Savings Bank and Building Association, which mortgage is now held by one Burwell, and on which there is now due about $900. Alfred Daggett was duly appointed guardian of the plaintiffs and brings this suit as their next friend.

The Superior Court, (*Sanford, J.*,) accepted the report of the committee and on the facts found rendered judgment for the plaintiffs for the recovery of the demanded premises. The defendant moved for a new trial, and also filed a motion in error.

*Wright*, in support of the motions.

1. The agreement under which the divorce was obtained and the property in question conveyed to the plaintiffs was void, as against public policy. 1 Swift Dig., 210 *et seq.*; *Walker* v. *Perkins*, 3 Burr., 1568; *Brisbane* v. *Adams*, 3 Comst., 129; *Gray* v. *Hook*, 4 id., 449; *White* v. *Franklin Bank*, 22 Pick., 181, 184; *Sturges* v. *Bush*, 5 Day, 452; *Hannay* v. *Eve*, 3 Cranch, 242; Chitty on Cont., 582; 2

Pearson on Cont., 253. We are not seeking to enforce, but are resisting, a corrupt contract. The plaintiffs are seeking possession of the property, and it is to them and not to us that the legal maxim applies, *ex turpi causâ non oritur actio.*

2. The deed of Plumb to the plaintiffs conveyed no title. His interest as mortgagee was only a chattel interest until the law day had expired. As the record does not show anything to the contrary it will be presumed that the debt, which it is found was paid, was paid at the time it was due. *Smith* v. *Vincent*, 15 Conn., 14. In this case the legal title would never have become absolute in Plumb and he would have had no title to convey to the plaintiffs. But if the law day had expired before payment, and the title had thereby become absolute, it could not be transmitted by deed unless an assignment of the mortgage accompanied the conveyance. *Crosby* v. *Brownson*, 2 Day, 425; *Austin* v. *Burbank*, id., 474; *Roath* v. *Smith*, 5 Conn., 133; *Porter* v. *Seeley*, 13 id., 576; *Runyan* v. *Mersereau*, 11 Johns., 534; *Jackson* v. *Bronson*, 19 id., 325; *Wilson* v. *Troup*, 2 Cowen, 231.

*C. Ives* and *Alling*, contra.

BUTLER, J. We are all satisfied in this case that the judgment must stand.

The first objection raised upon the motions is, that the conveyance of the legal title to the premises in question to the plaintiffs upon which they founded their right to recover, was made pursuant to and as part of a collusive and illegal agreement between the defendant and his wife, in relation to a divorce.

It appears from the finding of the committee that the defendant brought a petition for divorce against his wife, the trial of which was commenced and proceeded with until the evidence of the petitioner was heard and he had rested his case, and thereupon the judge suggested to the counsel engaged, that a compromise should be had. Pursuant to the suggestion a compromise was agreed upon, to the effect that opposition to the petition for divorce should be withdrawn,

McCarthy v. McCarthy.

that a guardian should be appointed for their children and that the premises in question should be conveyed to them. No such collusive and illegal agreement as the defendant claims, appears expressly or by necessary implication from the facts so found.

In the first place, the Superior Court must be presumed to have acted rightly, and the clear presumption is that the judge when he suggested a compromise was satisfied that a divorce must be granted. It is not for a moment to be supposed that the judge had reference to the granting of a divorce, or that he desired that the withdrawal of opposition to it should be made a matter of compromise and agreement. The clear presumption must therefore be that the suggestion of the judge had reference to other incidental matters in issue between the parties, and the presumption is confirmed by the fact that the custody of the children and a provision for their support were the principal elements of the compromise agreement. Under these circumstances, although a withdrawal of opposition was also an element in the agreement, that fact was not stated to the court, and we cannot hold that there was anything collusive or illegal in the agreement which can affect the rights of these parties. We must presume that the divorce would have been granted had no compromise been effected.

But on the assumption that the divorce was obtained by means of a collusive and illegal agreement, the title of the plaintiffs is good. They were not parties to the collusive agreement; the gift to them was a perfect gift and cannot be recalled.

The second point made by the defendant is equally untenable. Conceding the rule to be that a mortgage is a mere security, that payment before the law day has expired entitles the mortgagor to an immediate re-conveyance, and that there is a presumption, in the absence of evidence to the contrary, that the payment was made before the law day expired, and no such evidence appears in this case, the doctrine cannot avail the defendant. Where the conveyance is a mortgage upon its face, and the payment is made after the day, by the

terms of the deed the title becomes absolute at law and relief can only be had in equity. In this case the deed was not a mortgage on its face though intended as a mortgage, and Plumb held the entire equity of redemption. The title did not revert on payment of the debt. Conceding that the defendant had an equitable right to a re-conveyance, it was a right which he could abandon, relinquish or bestow by way of gift, and when he requested Plumb to make the conveyance to his children with the intention that the property should be theirs forever, as the record shows he did, it was as much a gift of the property, and the title of the children is as perfect, as if he had taken a re-conveyance from Plumb, and conveyed directly to the children in consideration of love and affection.

There is no error and a new trial is not advised.

In this opinion the other judges concurred.