IDA I. OLMSTEAD *vs.* FERNANDO C. OLMSTEAD.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

In an action for divorce, the amount of alimony, within the limitation fixed by statute (§ 4556), lies in the discretion of the Superior Court.
In determining the wife's allowance, the trial court should consider

Olmstead *v.* Olmstead.

attendant circumstances, including the amount of the estate of the husband, his income, age, health, and earning capacity, and the age, health, station, and separate estate of the wife.

The trial court allowed $3,500 as alimony; it found the defendant's estate to be of the value of at least $11,500, but did not show how various items affecting the value of the estate were regarded in reaching the decision. *Held* that the court is clothed with a wide discretion, and its decision cannot be interfered with unless it affirmatively appears that the discretion was abused.

Argued April 18th—decided June 13th, 1912.

ACTION for divorce, alimony, and the custody of two minor children, brought to and tried by the Superior Court in Fairfield County, *Case, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Spotswood D. Bowers* and *William H. Cable,* for the appellant (defendant).

*J. Moss Ives* and *Thomas A. Keating,* for the appellee (plaintiff).

RORABACK, J. This was an action for divorce on the ground of adultery. In addition to a divorce the plaintiff claimed the custody of two minor children, and alimony. One of the children became of age before the trial in the court below. The defendant in his answer denied the adultery, and as a special defense set up condonation. The court found the allegations of the complaint to be true and granted the divorce to the plaintiff on the ground of adultery; gave her the custody of the minor child; and also found that $3,500 was a reasonable portion of the defendant's estate to assign to the plaintiff as alimony. The Superior Court further found that "at the time of the bringing of this action the defendant was the owner and possessor of certain real and personal estate of the value of at least $11,500."

The facts are not in dispute. The error claimed is that the record discloses that the amount of alimony is excessive, and that the judgment in that respect should be set aside.

Section 4556 of the General Statutes, in effect when this action was commenced, provides that "the Superior Court may assign to any woman so divorced part of the estate of her husband, not exceeding one-third, may change her name, and may order alimony *pendente lite* to be paid to the wife in any complaint or cross bill for divorce pending in such court upon such terms and conditions as it shall deem advisable."

In estimating the statutory allowance which may be made in actions like the present one, there is no inflexible standard. Within the limitation fixed by statute, the amount to be allowed is a matter within the discretion of the Superior Court. It should be regulated by a number of circumstances that may be considered. Among these is the amount of the estate of the husband, his income, his age, health, and earning capacity; the age, health, station, and separate estate of the wife. While the trial court, in making a determination as to the allowance to the wife, is bound to consider these and other relevant circumstances, yet it is nevertheless clothed with a wide discretion. *Stapleberg* v. *Stapleberg*, 77 Conn. 31, 38, 58 Atl. 233.

The defendant contends that it appears from the record that the Superior Court, in estimating the allowance made to the plaintiff, erred in not properly regarding certain important facts in reaching the conclusions complained of. The facts which the defendant points out in his reason of appeal are as follows: That an action has been pending against the defendant in the Superior Court in Fairfield County for about six years in which he contends that the alleged claim is groundless; that there is a cloud upon the title of a portion of

the defendant's real estate; and that it also appears that the plaintiff has property of the value of about $8,000, which the defendant conveyed to her during their married life.

It cannot be fairly said that it appears from the record that all of these matters were not fully considered and passed upon by the court below in making an allowance to the plaintiff. The finding does not disclose in detail how these various items were regarded by the trial court in reaching its decision. The court found that the value of the defendant's real and personal property was about $11,500, and that $3,500 was a reasonable portion of the defendant's estate to assign to the plaintiff. This amount does not exceed the limit fixed by statute. We cannot interfere with this decision unless it affirmatively appears that there has been an abuse of the discretion reposed in the Superior Court. This does not appear.

There is no error.

In this opinion the other judges concurred.