## MAUD S. HEGEL *vs.* HERMAN A. HEGEL.

Third Judicial District, Bridgeport, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A committee or referee has no power, under Chapter 23 of the Public Acts of 1921, to do anything more than find and report the facts to the court, with his recommendation thereon.

In a suit for a divorce and alimony, the referee reported that $4,000 was a reasonable and proper portion of the husband's existing property to be allowed as alimony, and in addition a weekly payment of a stated amount, or, in lieu of the weekly payment, such gross amount as the court might deem proper. *Held* that such report was not an award, as the parties erroneously assumed, but was merely a recommendation, and that the question upon the defendant's appeal was whether the facts found by the referee justified the trial court in rendering a judgment for the sums recommended; that under § 5287 the court might, at its discretion and subject to revision, determine what part of the husband's estate, and of his income thereafter to be earned, should be assigned as alimony; and that upon the facts disclosed by the record in the present case, it could not be said that the sums recommended and awarded were unreasonable or excessive.

Alimony should be regulated in view of the amount of the husband's estate, his income, age, health and earning capacity; and ordinarily should not exceed one half in value of his property.

Argued April 12th—decided May 3d, 1923.

SUIT for a divorce and alimony, brought to the Superior Court in New Haven County and referred to a State Referee, who heard the evidence and reported the facts; the court (*Wolfe, J.*) accepted the referee's report and rendered judgment for the plaintiff, granting her a divorce and alimony, from which the defendant appealed. *No error.*

*William J. McKenna* and *Joseph V. Esposito*, for the appellant (defendant).

*Ernest L. Isbell,* with whom, on the brief, was *Milton C. Isbell,* for the appellee (plaintiff).

WHEELER, C. J. The Honorable Donald T. Warner, State Referee, in his report, found "that the sum of $4,000 is a reasonable and proper portion of the defendant's existing property to be allowed as alimony, and in addition thereto that a payment of $8.50 per week out of the earnings and income of the defendant, so long as the plaintiff remains unmarried, is a reasonable and proper allowance to be made to her, or in lieu of such periodical payments, such gross sum in addition to said $4,000 as the court deems proper." The defendant's counsel remonstrated because the award of alimony, as made by the report, was excessive and unwarranted by the facts, and was erroneous in law. The plaintiff demurred to the remonstrance upon the ground that the award "is a part only of the defendant's estate, and in addition to alimony to be paid from the husband's income."

Both the remonstrant and demurrant, and the court as well, assumed that the referee had made an award. The referee had no power other than to report the facts together with his recommendation. Public Acts of 1921, Chap. 23. The demurrer was sustained upon a wrong ground, and the remonstrance was wrongly filed. The findings of the referee as to the award will be treated as recommendations.

Assignment four of the reasons of appeal, "Whether or not the award of alimony, set forth in the judgment, is not excessive and illegal, as a matter of law, upon the facts found by the referee," brings before us, as does error three, the question which the appellant is entitled to have a ruling upon: Do the facts found justify the award? Formerly the statute limited the amount of alimony to be allowed by the court. In

1911 this limitation was taken from the statute, and the power of the court over alimony fixed as General Statutes, § 5287, now provides: "The Superior Court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto, or in lieu thereof, may order alimony to be paid from the husband's income," etc. Under this provision the court may, at its discretion, determine what part of the husband's estate shall be assigned as alimony, and may, within its discretion, assign a part of his present estate together with a part of his income to be earned. This discretion is not an absolute discretion, but is subject to revision in case it is exercised unreasonably under the circumstances of the case. "It should be regulated by a number of circumstances," as we say in *Olmstead* v. *Olmstead*, 85 Conn. 478, 480, 83 Atl. 628, and "among these is the amount of the estate of the husband, his income, his age, health, and earning capacity; the age, health, station, and separate estate of the wife." Ordinarily, the circumstances must be exceptional to justify as reasonable an award of a part of the husband's present estate beyond one half thereof. In addition, a reasonable part of his earnings may be assigned as alimony.

When the facts set forth in the report are examined, we find that the part assigned is less than one half in any event, and due to the difficulty of appraisal, the estate of the husband is quite likely to exceed considerably the appraisal fixed by the referee. None of the special facts which we name in *Olmstead* v. *Olmstead* as relevant and material, except only the amount of the husband's estate and his earnings, appear in the report of the referee, and we assume from their absence that the defendant was not in a position to present the special facts which would have influenced the court in making an assignment of a

lesser part. We cannot hold that the assignment of $4,000 as alimony was unreasonable. The part of the income assigned is about one seventh of the husband's total income, and so far as appears the husband has no one but himself to maintain; the assignment cannot under these circumstances be deemed unreasonable.

There is no error.

In this opinion the other judges concurred.