## MABEL H. HEARD *vs.* REGINALD E. HEARD.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 7th—decided May 9th, 1933.

*Clifton F. Weidlich,* of New York City, for the appellant (defendant).

*William A. Kelly,* for the appellee (plaintiff).

AVERY, J. The parties to this appeal were married April 19th, 1906, and lived together until some time in 1928. No issue was born of the marriage, and in October of that year they separated. December 18th, 1928, they entered into an agreement adjusting their financial relations and property rights, wherein, among other things, the defendant undertook to pay his wife $285 a month, and pay the premium to maintain insurance upon his life for her benefit in the amount of $2500. June 20th, 1929, a judgment of divorce in favor of the plaintiff was rendered by the Superior Court in Fairfield County, awarding to her $285 a month alimony. In September, 1932, the defendant brought an application for modification of the judgment in respect of the amount of alimony to be paid. The application was heard by the court, and, on October 31st, 1932, denied, and the defendant has appealed.

From the finding, it appears that in August, 1929, shortly after the judgment of divorce had been entered, the defendant remarried. The plaintiff has not done so, and the alimony received by her constitutes

the only income and means of support available to her. She resides with her aged mother and a sister in an apartment at Yonkers, New York. The defendant resides in the State of New Jersey, and for the past twenty-seven years has been employed by a firm of brokers, having offices in New York City. His net income for the years 1928 to 1931, inclusive, averaged approximately $16,000 per year. At the time of the application for modification of the judgment, his salary had been reduced to $7000 a year. He had no other real or personal property from which income could be derived, except an agreement with his firm by the terms of which he was entitled to receive one-quarter of one per cent of the net profits. He is fifty-one years of age, in good health, intelligent, highly trained and experienced in the work in which he is engaged. No issue was born of his second marriage. He lives with his present wife in a nine-room house, of which the rental is $125 per month. They employ a servant and maintain an automobile. During the years 1931 and 1932, he took out insurance on his life for the benefit of his present wife, the annual premium on which is $1600. In addition to the alimony payable to the plaintiff, amounting to $3420, his expenses for the year 1932 were $7538. Included therein are items of: $1600 for premiums on life insurance in favor of his present wife; $1500 for rent of nine-room house; $360 for support of his mother; $300 for allowance to present wife; $1800 for operating expenses of his home; $324 for interest on indebtedness; and certain other items unnecessary to mention.

The court has further found that no evidence was offered at the hearing as to the financial responsibility of the defendant's present wife, or as to her requirements or needs for living and household expenses, or as to her ability to support herself or contribute to the

support of the household of which she is now a member; nor was any evidence offered which would show the profits received by the defendant from the firm in any of the former years or for the year 1932. The defendant, in his appeal, has asked certain corrections in the finding, but no correction is permissible which would materially affect his position.

The trial court reached the conclusion that, on the facts, the defendant had failed to establish any reason sufficient to justify the court in modifying the judgment. In reaching this conclusion, the court was influenced by the failure of the defendant to show the value of his share in the profits of the firm or the financial position of his present wife, and also his failure to reduce his own living expenses.

The contention of the appellant, in brief, is that because he has married again and his salary has been reduced to $7000 a year, and the payment of $285 per month alimony requires more than fifty per cent of his present income, the judgment of the court in refusing to modify the decree is unreasonable as a matter of law. As we have stated, it was not shown what sum the defendant's interest in the profits of the firm would amount to. If we take the view most favorable to the defendant and assume that it would be nothing, still his claim cannot be sustained. Defendant's income at the time the divorce was granted, as appears from the finding, was between $16,000 and $17,000 a year; in 1930 it was approximately $17,000 and in 1931 approximately $15,000. The fact that his income fell, in 1932, to the neighborhood of $7,000, of itself, when standing alone, does not, as a matter of law, entitle him to a modification of the judgment. The regulation of the amount of alimony payable under a decree of divorce rests within the sound discretion of the trial court, which will not be interfered

with unless it clearly appears that it has been abused. In determining the amount, regard should be had to a number of circumstances. Among these are the amount of the estate of the husband, his income, his age, health, and earning capacity; and the age, health, station, and separate estate of the wife. *Stapleberg* v. *Stapleberg,* 77 Conn. 31, 38, 58 Atl. 233; *Olmstead* v. *Olmstead,* 85 Conn. 478, 480, 83 Atl. 628; *Hegel* v. *Hegel,* 99 Conn. 18, 20, 120 Atl. 722. The liability to pay alimony is based upon the duty of the husband to continue to support a wife whom he has, in legal effect, abandoned. *Wright* v. *Wright,* 93 Conn. 296, 300, 105 Atl. 684. While under our law, General Statutes, § 5175, a judicially divorced defendant is permitted to remarry, such remarriage does not of itself affect or diminish his obligation to support the former wife. To hold that a defendant merely by voluntarily assuming a second matrimonial responsibility could, thereby, relieve himself in whole or in part from discharging the duties imposed upon him by law with respect to the former, would suggest an easy way to evade the obligation to a wronged and injured wife; and would be inconsistent with the settled policy of our law. *Wright* v. *Wright, supra.* We agree with what was said by the Supreme Court of Iowa in *Newburn* v. *Newburn,* 210 Iowa, 639, 642, 231 N. W. 389: "The only remaining proposition to be discussed is the effect of the appellee's remarriage and the obligations assumed thereby. Appellee must be held to have known of the provisions of the decree to which he agreed, and of the obligations imposed thereby, at the time he remarried. His right to remarry is not questioned, nor are the rights and necessities of the new family to be minimized. Perhaps a case might arise in which the facts and circumstances shown in favor of the husband against whom a judgment for alimony ex-

ists, would make proper a consideration of his remarriage, in the adjustment of equities on an application to modify the decree. There is some diversity in the holding of courts in other jurisdictions upon this question. All, however, agree that the remarriage of the husband, together with the obligations thereby assumed, will not alone present such change in the circumstances of the parties as to justify a modification of the decree." See notes, 30 A. L. R. 79, 64 A. L. R. 1269. From the record, we cannot say that the trial court abused its discretion in refusing to modify the judgment.

In this court, the plaintiff filed a plea in abatement and a motion to dismiss upon the ground, as shown by the moving papers, that since October 31st, 1932, when judgment was entered denying defendant's petition for modification of the decree, he had paid each month less than the amount specified in the divorce judgment. These facts furnish no ground for a plea in abatement which goes to the validity of the appeal. *Joseph* v. *Donovan,* 116 Conn. 160, 161, 164 Atl. 498. A motion to dismiss an appeal lies for want of jurisdiction which appears plainly on the face of the record, or where it appears on the face of the appeal that it has not been prosecuted with due diligence. *Ragali* v. *Holmes,* 111 Conn. 663, 664, 151 Atl. 190. Neither a plea in abatement nor a motion to dismiss was the proper pleading. As an alternative, however, to her motion to dismiss, the plaintiff asked that the defendant's appeal be stayed until such time as he complied with the terms of the judgment. This motion was properly made. Keezer, Marriage & Divorce (2d Ed.), § 792, p. 594; *Williams* v. *Williams,* 6 S. D. 284, 297, 61 N. W. 38; *Weidner* v. *Weidner,* 66 N. Y. St. Rep. 211, 213; *McClung* v. *McClung,* 40 Mich. 493, 496; *Bennett* v. *Bennett,* 208 U. S. 505, 513, 28 Sup.

Ct. 356. The decree for the payment of alimony, until reversed or modified, must be obeyed. *Wright* v. *Wright,* 93 Conn. 296, 297, 105 Atl. 684; *Cary* v. *Cary,* 112 Conn. 256, 262, 152 Atl. 302; *Sistare* v. *Sistare,* 218 U. S. 1, 16, 30 Sup. Ct. 682. A defendant is in no position to ask a modification of an order for the payment of alimony, where it appears that he is in default of payment of the same and no sufficient excuse for such default appears; and the same rule holds in case of an appeal. The appellant, however, enumerates payments made from September, 1932, until the session of this court; and alleges that he has been unable to comply in full with the terms of the judgment as to alimony in this period. As the defendant's appeal has been fully heard and the action of the trial court denying the motion to modify the judgment of divorce must be affirmed, a stay of proceedings would serve no useful purpose and we shall not pass upon this motion.

There is no error.

In this opinion the other judges concurred.