ANNA M. FELTON *vs.* GEORGE H. FELTON.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 7th, 1937—decided January 5th, 1938.

*David R. Lessler,* for the appellant (plaintiff).

*Harry H. Kleinman,* for the appellee (defendant).

AVERY, J. The plaintiff brought her action for a divorce on the ground of desertion. The case came on to be heard as an uncontested case and after a hearing the court entered judgment for a divorce but refused to award alimony. Thereafter the plaintiff moved to reopen the decree for an allowance of alimony. This motion was denied and the plaintiff appealed from the judgment. It is a contention of the plaintiff that the court erred in refusing to allow her alimony from her husband's income at least in a nominal amount. The facts of the case as found by the court are as follows: The plaintiff and defendant married in 1913. About June 1st, 1930, the defendant wilfully deserted the plaintiff and has since continued such desertion. During their marriage and before their separation, the defendant acquired three pieces of real estate in Milford, consisting of houses and land. None of these acquisitions were due to any financial assistance of the plaintiff. Before 1930, the defendant voluntarily and without any monetary consideration conveyed an undivided half interest in the properties to the plaintiff. Shortly after the separation in June, 1930, he conveyed to her his remaining interest subject to a right of occupancy of his mother in a part of one of the houses; and, in consideration of this last transfer, the plaintiff agreed to waive all future claims against him for her

personal support. The value of the properties, in 1930, was $5400 subject to mortgages of $4450.

Since the defendant's half interest in the properties was acquired the plaintiff has occupied a part of one of the houses, the defendant's mother another part of the same house and the plaintiff has rented some of the other rooms therein. She has also rented the other two properties. She has been continuously in the possession of all three properties and has reduced the mortgage by about $1550. The present value of all the properties is $4900 and the total mortgages thereon amount to $2900; and, aside from the building in which she lives, the income at present amounts approximately to $300 annually. The plaintiff is apparently between forty-five and fifty years of age, in good health, has been employed for some years, and is still employed and earning $20 per week. There were two children of the marriage, both daughters, married, and the plaintiff has no one dependent upon her for support. The defendant is apparently about fifty years of age, in good health. His sole estate consists of a seconhand 1924 Ford truck. He earns $28 per week. The trial court concluded that the plaintiff was entitled to a divorce but that the age, health, station, earning capacity, and estate of the plaintiff when compared with similar features concerning the defendant did not justify an award of alimony, particularly in view of her agreement in 1930 to release the defendant of all claims of future support.

Our statute, General Statutes, § 5182, provides that the court may assign to any woman divorced by it, a part of the estate of her husband and, in addition thereto or in lieu thereof, may order alimony to be paid from the husband's income, and among other things provides that "any order for the payment of alimony from income may, at any time thereafter, be

set aside or altered by such court." The claim of the plaintiff is that, in a case of this character, the court should have made an order for the payment of some alimony from income even if a nominal amount, so that there would be some basis to apply to the court thereafter for a modification of the judgment and an increase or change in the amount in case the circumstances of the plaintiff thereafter justified such a change. The plaintiff contends that inasmuch as the case was made ex parte by reason of the defendant's default, the plaintiff is entitled to at least some alimony. As a general proposition a default admits the truth of the facts alleged, but not that the plaintiff is entitled to the relief asked for. *People* v. *Rust,* 292 Ill. 412, 415, 127 N. E. 69, 71; 3 Freeman, Judgments (5th Ed.) § 1282; 34 C. J. 174. "A default in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed. Neither is a final disposition." *Hooton* v. *G. F. Redmond & Co., Inc.,* 237 Mass. 508, 513, 130 N. E. 107. In a divorce case, even though the defendant does not appear or contest the issue, the plaintiff must establish a right to the relief asked for. *Dennis* v. *Dennis,* 68 Conn. 186, 196, 36 Atl. 34; *Allen* v. *Allen,* 73 Conn. 54, 55, 46 Atl. 242.

The contention of the plaintiff that the court should make some allowance of alimony from income in order to preserve its right to thereafter modify the judgment if circumstances require, overlooks the nature of our statute which is permissive. Under our statute "the regulation of the amount of alimony payable under a decree of divorce rests within the sound discretion of the trial court, which will not be interfered with unless it appears that it has been abused. In determining the amount, regard should be had to a number of circumstances. Among these are the amount of the es-

tate of the husband, his income, his age, health, and earning capacity; and the age, health, station, and separate estate of the wife." *Heard* v. *Heard,* 116 Conn. 632, 635, 166 Atl. 67; *Steinmann* v. *Steinmann,* 121 Conn. 498, 503, 186 Atl. 501; *Hegel* v. *Hegel,* 99 Conn. 18, 20, 120 Atl. 722; *Olmstead* v. *Olmstead,* 85 Conn. 478, 480, 83 Atl. 628; *Stapleberg* v. *Stapleberg,* 77 Conn. 31, 38, 58 Atl. 233. It is the duty of the trial court to determine from the evidence in regard to these matters, whether alimony shall be paid and if so the amount thereof and whether it shall be paid from the husband's estate or his income or both. The statute does not require that alimony be allowed in all cases, nor that alimony be ordered payable from income in all cases when the defendant husband has no estate. Taking into consideration all the circumstances, we cannot say that the trial court erred in concluding that the plaintiff was not entitled to an allowance of alimony from income in the present case.

The agreement of the wife made after the separation was not offered in evidence. It appears, however, that it was exhibited to the trial court which found that the agreement was fairly entered into and the plaintiff was not induced to enter into it by any fraud or illegality. Such contracts, when not made to facilitate divorce but solely as an amicable settlement of property affairs, and made in view of divorce proceedings already independently instituted or determined upon, are not necessarily contrary to public policy and void, unless concealed from the court. If submitted for approval by the court with full opportunity for scrutiny before the decree, they are unobjectionable. *Weil* v. *Poulsen,* 121 Conn. 281, 286, 184 Atl. 580; *Mills* v. *Mills,* 119 Conn. 612, 620, 179 Atl. 5; *Maisch* v. *Maisch,* 87 Conn. 377, 383, 87 Atl. 729; *McCarthy* v. *McCarthy,* 36 Conn. 177, 180. We con-

clude that the trial court did not err in considering this agreement with the other facts of the case and reaching the conclusion upon the whole situation that the plaintiff was not entitled to alimony.

The plaintiff thereafter made a motion to reopen the judgment and modify the decree in regard to the alimony and this motion was denied on the ground that the motion set forth no new facts not litigated in the trial and simply asked the court to make a different order upon the same facts. The trial court did not err in denying this motion.

There is no error.

In this opinion the other judges concurred.