EDNA McC. DAY
*vs.*
IRVING M. DAY

Superior Court      Fairfield County      File No. 64655

MEMORANDUM FILED SEPTEMBER 23, 1942.

*Boardman, Grout, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for the Defendant.

Memorandum of decision on demurrer.

McEVOY, J. In this action the plaintiff seeks to have this, a Connecticut court, enforce the terms of a decree of divorce which, admittedly, was duly entered in a Nevada court. The defendant, likewise, invokes the action of this court. The plaintiff seeks enforcement of the decree in accordance with its terms. Defendant, on the other hand, seeks modification and limitation of the extent of the decree and a restraining injunction. Each party asks this court to use its discretion in the matter and each invokes consideration of the public policy of the State of Connecticut.

The instant demurrer is addressed to the defendant's second defense and to the defendant's cross petition. It reads as follows:

"1. The decree of the Nevada Court, Plaintiff's Exhibits A

and B, does not provide that the Defendant's duties to the Plaintiff thereunder shall in any way be affected by a subsequent restriction of his gross and net income due to a change of economic, financial and other factors unforeseen and not contemplated at the time of said decree of divorce.

"2. The decree of the Nevada Court, Plaintiff's Exhibit A, does not reserve the right to modify the decree.

"3. The agreement between the Plaintiff and the Defendant, Plaintiff's Exhibit B, which was ratified and approved and its provisions adopted in the decree of the Nevada Court, does not provide for modification of the terms and conditions thereof."

This demurrer is addressed to the second defense, which reads as follows:

"1. On May 31, 1934 and for a considerable period of time thereafter, the defendant was ready, willing and able to pay, and in fact did pay to the plaintiff the various sums which he had agreed to pay as set forth in the plaintiff's complaint, reference thereto being had.

"2. Thereafter, and up to the present time, economic, financial and other factors unforeseen and not contemplated at the time of said decree of divorce, and over which the defendant had no control, have combined to greatly limit and restrict the gross and net income received by the defendant, and will continue to limit and restrict the same.

"3. This uncontrollable limitation and restriction of gross and net income, has brought about a situation, past and present, which has made it, now makes it, and will continue to make it, grossly inequitable, unreasonable and unjust, to require the defendant to pay the sums provided for at the time of said divorce.

"4. The defendant has repeatedly informed the plaintiff of the aforesaid limitations and restrictions of income, and requested the plaintiff to enter into an agreement to reduce the said payments so that they will equitably reflect the present ability of the defendant to meet them. This the plaintiff has refused to do.

"5. The plaintiff, having invoked the aid of a court of equity, must do equity."

It should be observed that it is not alleged in this second

defense that the defendant is financially unable to comply with the terms of the Nevada decree but it is alleged that certain "factors. . . .have combined to greatly limit and restrict the gross and net income received by the defendant, and will continue to limit and restrict the same."

It is further alleged that this uncontrolled limitation and restriction "will continue to make it, grossly inequitable, unreasonable and unjust", to require the defendant to pay the sums provided for at the time of the divorce.

It is also alleged that the defendant has requested the plaintiff to enter into an agreement to reduce the payments so that they will, in the defendant's opinion, "equitably reflect the present ability of the defendant to meet them."

In his cross petition, which is based upon the second defense, the defendant invokes the jurisdiction of this court to modify the decree and to enjoin its enforcement.

One of the prime considerations which ought to motivate this court in its action is whether or not the defense alleged and the affirmative relief prayed accord with the public policy of Connecticut as set forth in the interpretative decisions of our Supreme Court.

While it is true that the answer of the defendant. in the, so-called, first defense, denies that the defendant is in default of the decreed payments and, impliedly, that the defendant is not in contempt, yet, the allegations of the second defense, read in connection with the averments of the complaint and the denials contained in the, so-called, first defense, furnish a basis for the *prima facie* conclusion that the defendant actually is in default and, impliedly, in contempt. Otherwise the second default would be redundant and contradictory.

This combined pleading seems to be an attempted confession and avoidance—without the confession. The law does not imply a negation. A demurrer searches the entire record.

The briefs, heretofore filed, which are now a part of the record, show that the plaintiff has not remarried but that the defendant has remarried and it is very obvious that the defendant's claimed inability to comply with the unreversed decree of the Nevada court is affected by his remarriage. "While under our law, a judicially divorced defendant is permitted to remarry, such remarriage does not of itself affect or diminish his obligations to support the former wife. To hold that a

defendant, merely by voluntarily assuming a second matri-monial responsibility could, thereby, relieve himself in whole or in part from discharging the duties imposed upon him by law with respect to the former, would suggest an easy way to evade the obligations to a wronged and injured wife; and would be inconsistent with the settled policy of our law." *Heard vs. Heard,* 116 Conn. 632, 636.

This defendant seeks a modification and alteration of the present unreversed, existing Nevada decree.

As heretofore stated, the defendant is in default, if not in contempt. "A defendant is in no position to ask a modifica-tion of an order for the payment of alimony, where it appears that he is in default of payment of the same and no sufficient excuse for such default appears; and the same rule holds in case of an appeal." *Heard vs. Heard, supra,* p. 638.

The pleadings indicate, pretty clearly, that the defendant is in default.

Whether or not he is in contempt must be determined upon all of the facts which are not present or reviewable upon the instant demurrer.

Whether or not the defendant may be heard upon the question of the alteration or modification of the Nevada de-cree and judgment may be determined only upon the presen-tation of all of the evidence in the matter.

Whether or not this court will assume the jurisdiction which would make the decree of the Nevada court the decree of this court will rest in the discretion of the court after presentation of all the facts.

For all of the reasons stated the demurrer is sustained.