MARY A. HOTKOWSKI *v.* WALTER S. HOTKOWSKI

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued April 10—decided June 20, 1973

*Dean E. Peckham,* with whom, on the brief, was *Everett J. Peckham,* for the appellant (defendant).

*Richard T. O'Connell,* with whom, on the brief, were *Walter R. Budney* and *Peter D. Shapiro,* for the appellee (plaintiff).

LOISELLE, J. On May 30, 1972, a decree of divorce was rendered in favor of the plaintiff, Mary A. Hotkowski. At the time the divorce decree was rendered, the court ordered that the defendant, Walter S. Hotkowski, by way of lump-sum alimony, convey to the plaintiff his undivided one-half interest in real estate jointly owned by the parties. The court further ordered the defendant to pay $30 per week toward the support of the two children of the marriage.

The assignments of error considered together claim that the court abused its discretion in awarding the defendant's one-half interest in the jointly-owned real estate to the plaintiff and that the validity of this award was unsupported by the facts set forth in the finding.

The finding[1] reveals the following facts which are relevant to the claim pressed by the defendant: The

[1] Although the defendant sought to add numerous paragraphs of his draft finding to the finding, he abandoned all but two of these requested additions. The defendant has failed to point to any part of the appendix to the briefs, the pleadings or an exhibit properly before us which discloses that the plaintiff admitted the truth of these facts or that their validity was conceded to be undisputed.

plaintiff and the defendant were married on February 18, 1950, and have two sons, the issue of their marriage, Michael, born July 12, 1953, and Mark, born December 2, 1955. The defendant was a construction worker with a weekly take-home pay of $150 per week. For some time before the trial, the plaintiff operated a so-called slenderizing salon and always contributed her income to the family expenses. Prior to operating the slenderizing salon the plaintiff worked in factories and deposited her paycheck in the family checking account along with the defendant's deposits. In addition to operating her business, the plaintiff also worked on Saturdays and Sundays as a waitress and hostess in a restaurant to help pay for extra expenses. The parties jointly own their home in the town of Essex. The plaintiff helped the defendant in painting their house and in developing this property. The swimming pool at the home was paid for by the plaintiff. The real estate owned by the parties is worth between $28,000 and $30,000. The mortgage on this property had been reduced to about $1000 by the earnings of both parties.

The plaintiff was forty-six and the defendant was forty-nine years old at the time of the trial. The defendant does not attack the court's conclusion that the plaintiff was entitled to a divorce based on the defendant's intolerable cruelty.

The only claim pressed in this appeal is the defendant's contention that the court erred in its

*Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 264, 320 A.2d 811; *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 121, 318 A.2d 84. A fact is not admitted or undisputed merely because it has not been contradicted. *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274. No additions to the finding are warranted.

award of alimony to the plaintiff. General Statutes § 46-21 provides in relevant part that the "superior court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto or in lieu thereof, may order alimony to be paid from the husband's income . . . . In fixing the amount which shall be allowed, the court shall take into consideration the amount of the husband's income, whether the same is derived from property already acquired or from his personal daily exertions or from both." The assignment of a part of a husband's estate to a wife in a divorce decree was an early form of alimony. *Sanford* v. *Sanford,* 5 Day 353, 357; *German* v. *German,* 122 Conn. 155, 161, 188 A. 429. "[T]he fact that, by judicial construction, it came to be held that, in lieu of such assignment, a sum of money might be awarded, and later, by legislative action, an order for periodic payments was authorized, does not change the nature of the award." *German* v. *German,* supra.

The primary basis for an award of alimony is the continuing duty of a divorced husband to support a wife whom, in legal contemplation, he has abandoned. *Stoner* v. *Stoner,* 163 Conn. 345, 354, 307 A.2d 146; *Shrager* v. *Shrager,* 144 Conn. 483, 487, 134 A.2d 69; *Cary* v. *Cary,* 112 Conn. 256, 260, 152 A. 302; *Wright* v. *Wright,* 93 Conn. 296, 300, 105 A. 684. The amount of alimony awarded under a decree of divorce is within the sound discretion of the trial court, taking into account the circumstances of the case such as the amount of the estate of the husband, his income, his age, health and earning capacity and the age, health, station and separate estate of the wife. *Heard* v. *Heard,* 116 Conn. 632, 636, 166

A. 67; see also *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431; *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791.

Prior to 1911 the court in assigning a part of a husband's estate to his wife was restricted to one-third of the estate but since 1911; Public Acts 1911, c. 190; the court has by statute been granted a wide discretion.   General Statutes § 46-21; *Thomas* v. *Thomas,* 159 Conn. 477, 483, 271 A.2d 62; *Elmore* v. *Elmore,* 138 Conn. 408, 409, 85 A.2d 491; *Felton* v. *Felton,* supra. "An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627; *Stoner* v. *Stoner,* supra.

In awarding alimony the court had three choices: (1) to assign a part of the estate of the defendant to the plaintiff; (2) to award periodic payments to the plaintiff; or (3) to do both. The finding indicates that the defendant was not able to support his family and pay for his home without the assistance of the plaintiff, who was also gainfully employed.  Considering the defendant's drinking habits and the further fact that his only apparent asset was a one-half interest in the family homestead, the court was justified in not ordering periodic payments but in restricting the alimony to the defendant's interest in the property.  The defendant claims that this property interest was his only appreciable asset and therefore the award of his entire estate as alimony was an abuse of the court's discretion.  In support of this position, the defendant relies heavily on the

dicta in *Hegel* v. *Hegel,* 99 Conn. 18, 20, 120 A. 722, wherein it is stated that "[o]rdinarily, the circumstances must be exceptional to justify as reasonable an award of a part of the husband's present estate beyond one half thereof." In the *Hegel* case, the percentage of the husband's estate awarded was not determined and since the statute sets no percentage limitation on the award of "a part" of the husband's estate, the discretion to award a part of the estate to the wife is properly left to the trial court. A review of the trial court's decision cannot be governed by inflexible and arbitrary limits not found in the statute but must instead be based on a consideration of whether, under all the circumstances, the court abused its discretion. In the present case, the finding does not support the defendant's claim that his interest in the property was his sole asset. The defendant's affidavit setting forth his income, assets and expenses submitted in accordance with § 380 of the Practice Book listed the defendant's one-half interest in the real property as his only asset. The court, however, refused to find that this property was his sole asset and nowhere was this fact shown to be admitted or undisputed. Even assuming that this property was a major portion of the defendant's estate, in light of all the circumstances found by the court and in view of the wide discretion afforded the trial court by the statute, it cannot be said that, as a matter of law, the award made in this case constituted an abuse of discretion.

There is no error.

In this opinion the other judges concurred.