[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After hearing held on the defendant, Mary J. French's, motion for contempt and the plaintiff's, Charles A. Hall's, motion for modification, the court, based on a preponderance of the credible, relevant and admissible evidence finds and rules as follows.
These are post dissolution judgment motions. The marriage of the parties was dissolved September 25, 1987. The judgment of dissolution reflected, inter alia, the following orders: (1) the plaintiff to pay to defendant as lump sum alimony, $200,000; (2) the plaintiff to pay to the defendant as periodic alimony the sum of $935.00 per month until July 1, 2011; (3) the plaintiff to pay to the defendant the sum of $1,000 per year for five years; (4) the plaintiff maintain the defendant as an irrevocable beneficiary of a term life insurance in the amount of $200,000 and as an irrevocable beneficiary of the plaintiff's disability insurance; (5) the plaintiff supply heating oil, under specified conditions to the defendant and her mother; and (6) that the plaintiff shall maintain CMS and Blue Cross or their equivalents for the benefit of the defendant, said insurance to be the equivalent of the then insurance offered by the Saybrook Oil Company.
The plaintiff until October 18, 1991, made all payments in accordance with the judgment. On that date, he informed the defendant that, since she had remarried, he felt his obligation to pay for the medical insurance terminated.
The question of whether the obligation of the CT Page 3110 plaintiff to provide medical insurance for the defendant after her remarriage depends upon the intent of the parties when they entered in to their separation agreement which was incorporated by reference into the dissolution judgment.
The court, in construing the agreement, as incorporated into the judgment of dissolution, finds that the agreement by the plaintiff to pay for the defendant's medical coverage is his acceptance of an obligation to provide medical insurance premium payments as periodic alimony, and as such is modifiable upon a showing of a substantial change in the circumstances of either party, Conn. General Statutes Sec. 46b-86(a). Obviously, the defendant's remarriage is a substantial change in her circumstances and consequently provides a basis for vacating such an award. Cary v. Cary,112 Conn. 256, 160-61; 152 A. 302 (1930). The purpose of a property assignment is equitably to divide the ownership of the parties property. McPhee v. McPhee, 186 Conn. 167, 170,440 A.2d 274 (1982). On the other hand, periodic and lump sum alimony is based primarily upon a continuing duty to support. Hotkowski v. Hotkowski, 165 Conn. 167, 170,328 A.2d 674 (1973).
The court notes that by agreement the plaintiff agreed to pay to the defendant as periodic alimony the sum of $935.00 per month until July 1, 2011. Immediately following, the decree expressly states. . . "neither the amount nor the duration of periodic alimony, as hereinabove set forth, shall be subject to modification. The alimony as stated is specifically non-modifiable as to duration and amount regardless of whether the defendant remarries or not." Although designated periodic alimony, an obligation to pay $935.00 a month for a period of almost 24 years, regardless of the remarriage of the recipient, is in reality a property settlement, a way of distributing the parties holdings between them.
However, the obligation to provide medical coverage is a recognition of the plaintiff's continuing duty to support. Upon her remarriage, the defendant's present husband became bound under the inter-spousal duty of the parties to a marriage to support one another.
There is no express language, following the provision for medical coverage, that extends the plaintiffs obligation to provide such coverage beyond the remarriage of the defendant.
Accordingly, the court expressly finds that the plaintiff's obligation to provide medical coverage to the defendant is a form of periodic alimony and is subject to CT Page 3111 modification under Conn. Gen. Stat. Sec. 46b-86 (a). The defendant's remarriage is a substantial change in circumstances.
The plaintiff's motion to modify the judgment of dissolution in this case is granted to the extent that the plaintiff's obligation to supply medical insurance coverage to the defendant is vacated as of the filing of the motion by the plaintiff, which is February 5, 1992.
The plaintiff shall pay to the defendant all arrearages due from the date of last payment for medical coverage to February 5, 1992.
The court, finding that the plaintiff had a legitimate question as to his liability for medical payments after the defendant's remarriage, rules that he did not commit a wilful contempt, therefore the motion for contempt is denied.
Each party shall be responsible for their own costs and counsel fees.
SPALLONE STATE TRIAL REFEREE