[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO RE-OPEN JUDGMENT (#120)
The following facts are relevant to the disposition of the issues raised by the plaintiff's motion to reopen. The plaintiff, Richard W. Sullivan, d/b/a Sullivan Engineering Associates, commenced this action by causing process to be served upon the defendant, Russell A McNutt, on May 17, 1989. On July 12, 1989, the defendant filed an answer and counterclaim.
On April 4, 1991, the case was referred to Gerard Dowling, an Attorney State Trial Referee (the CT Page 3897 "referee"). (Referral, #110.) On November 7, 1991, the referee filed report which found for the defendant on the complaint and the counterclaim. (Report, #115.) On December 2, 1991, the court, O'Connell, J., rendered judgment in favor of the defendant in accordance with the referee's report. (Judgment, #117; see also Report, #115, p. 6.)
Meanwhile, on November 26, 1991, the plaintiff filed an appeal of this action to the Appellate Court (the "first appeal"). On December 20, 1991, the plaintiff withdrew this appeal and filed a second appeal to the Appellate Court (the "second appeal"). (Notice of Withdrawal, #118; Appeal, #119.) On January 30, 1992, the Appellate Court dismissed the second appeal because of the failure of the plaintiff to comply with an order of the Appellate Court, namely that the plaintiff failed to "the plaintiff-appellant's court reporter's written acknowledgment of the transcript order with an estimated delivery date . . . on or before January 28, 1992." (Order, #122)
The plaintiff now moves the court to reopen its judgment of December 2, 1991. The defendant has filed a memorandum in opposition to the plaintiff's motion.
 The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book Sec. 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. [Citations omitted.]
Hirtle v. Hirtle, 217 Conn. 394, 398, 586 A.2d 578 (1991) (footnote omitted).
 Practice Book Sec. 326 provides, in relevant part: "SETTING ASIDE OR OPENING JUDGMENTS. Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit CT Page 3898 to the jurisdiction of the court."
 General Statutes Sec. 52-212a is virtually identical in language to Practice Book Sec. 326.
Id., 398 n. 4.
 "It is well recognized that `[t]he opening. . . of a judgment. . . is at the legal discretion of the court. Tyler v. Aspinwall, 73 Conn. 493, 47 A. 755 [1901]. . . . I[t]"is not to be granted readily, nor without strong reasons". . . . Wildman v. Wildman, 72 Conn. 262, 270, 44 A. 244 [1989].' McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114
(1927). `The motion should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision.' 2 Stephenson, Conn. Civ. Proc. (2d Ed.) Sec. 207, p. 863; see Felton v. Felton, 123 Conn. 564, 569, 196 A. 791 (1938)." F W Welding Services, Inc. v. Pen-Smith, Inc., 38 Conn. Sup. 455, 458-59, 451 A.2d 286 ([App. Sess.] 1982).
Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140 (1989).
The plaintiff states in his motion that he withdrew his first appeal because he feared that it might be jurisdictionally defective pursuant to Practice Book Sec. 2056 in that it was filed before the court had rendered judgment on the referee's report. The plaintiff also states that the incorrect procedure which he followed was a mistake made due to his unfamiliarity with the procedure pertinent to referrals to Attorney State Trial Referees. The plaintiff argues that his mistake was not one of sloth or negligence because he filed his appeal too early rather than too late. The plaintiff states that his motion is based upon General Statutes Sec. 52-212 and Practice Book Sec. 377.
The defendant argues that General Statutes Sec. CT Page 389952-212 and Practice Book Sec. 377 are not proper authority to grant the requested relief. The defendant also argues that the plaintiff is not entitled to the requested relief because he failed to object to the referee's report or to the rendition of judgment thereon pursuant to Practice Book Secs. 438, 440 or 442. The defendant further argues that the court should not exercise its discretion in favor of the plaintiff's motion in this case because the plaintiff has provided no strong reason or new matter not previously before the court which warrant the granting of a motion to reopen.
General Statutes Sec. 52-212 and Practice Book Sec. 377 deal with reopening a judgment rendered upon a default or nonsuit. The judgment in the present case is a judgment "on the merits," that is, after a full hearing and was certainly not a judgment rendered upon a default or nonsuit. These sections are not proper authority for the requested relief.
Nevertheless, the court may, in its discretion, treat the plaintiff's motion as a motion to reopen pursuant to Practice Book Sec. 326, which allows for the reopening of judgments on the merits. See Practice Book Sec. 6.
The plaintiff did not timely file any motions to correct the referee's report, to object to the acceptance of the referee's report, or to object to the defendant's motion for judgment in accordance with the referee's report. See Practice Book Secs. 438, 440, 441 and 442; see also Dorsen v. Kay, 13 Conn. App. 645, 646-49, 538 A.2d 1080
(1988). The defendant argues that the failure to do so precludes appellate review of claims of error on the part of the referee; Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496,518, 508 A.2d 415 (1986); Naftzger v. Naftzger Kuhe, Inc.,26 Conn. App. 521, 525, ___ A.2d ___ (1992); Dorsen v. Kay, supra, 650; see also Burt's Spirit Shop, Inc. v. Ridgway,215 Conn. 355, 361, 576 A.2d 1267 (1990); and constitutes negligence on the part of the plaintiff. The defendant further argues that the plaintiff is not entitled to the requested relief because of the plaintiff's own negligence and because his claims are precluded from appellate review.
The sections of the Practice Book cited by the defendant are designed to challenge the merits of the referee's findings. The plaintiff here, however, is not challenging the findings of the referee, but rather he is seeking the removal of a procedural obstacle to his bringing an appeal to the Appellate Court. The availability of appellate review is within the province of the Appellate CT Page 3900 Court and this court should make no conjecture in that area.
The perceived obstacle to the plaintiff's appeal is illusory. First of all, the second appeal seems to be timely filed within the twenty days allowed by Practice Book Sec. 2030. Secondly, there is no Practice Book section numbered 2056. There is a Practice Book Sec. 4056, applicable to the Appellate Court pursuant to Practice Book Sec. 2000, which permits a party to file a motion to dismiss for failure of the adverse party to file papers within the time allowed. This section further provides that such a motion to dismiss must be made within ten days after the filing of the appeal or the return date of the writ or within ten days after the grounds for dismissal arises except that a motion to dismiss based on a lack of jurisdiction may be made at any time. Practice Book Sec. 4056. It has been held, however, that the "time limited for filing an appeal is not jurisdictional." Connelly v. Doe, 213 Conn. 66, 70 n. 5,566 A.2d 426 (1989). Furthermore, the plaintiff has not alleged that the defendant has filed a timely motion to dismiss the plaintiff's second appeal for failure to timely file the appeal. Accordingly, the second appeal is not in such jeopardy as envisioned by the plaintiff and that no practical relief can flow from the court's granting the plaintiff's motion to reopen the court's judgment of December 2, 1991.
Accordingly, this court denies the plaintiff's motion to reopen the court's judgment of December 2, 1991, because the plaintiff has failed to provide any strong reason or new matter not previously before the court which would warrant the granting of the motion.
HIGGINS, JUDGE