[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiff; Paula Gelinas, against the defendant, Raymond Gelinas, Jr., for the collection of money allegedly owed to the plaintiff for work performed by her as an employee of the defendant.
A unique factor in this case is that the parties were married at the time the services were rendered and at the time an instrument memorializing the obligation was executed by both parties.
The marriage of the parties was subsequently dissolved by this court (Harrigan, J.).
The parties have stipulated to the following facts regarding the plaintiff's claim for money owed to the plaintiff:
The defendant did receive the benefit of the plaintiff's services as evidenced by a written agreement of the parties dated April 1, 1993;
The defendant has acknowledged in the written agreement that the amount owed to the plaintiff is $44,255.06 as of April 1, 1993, the date of the instrument;
That at the time of the hearing for the dissolution of their marriage, CT Page 10038 neither party mentioned that agreement to the court nor did either list it on their respective financial affidavits;
That the written instrument called for the payment by the defendant to the plaintiff the sum of $44,255.06 at the rate of $500.00 per month until said debt was paid in full.
In addition, the court heard argument by counsel and has the benefit of memoranda of law submitted as an aid to the court.
The court makes the following findings:
The defendant made a number of payments to the plaintiff after the marriage was dissolved the last being in October, 1996 at which time the balance owed to the plaintiff was $36,067.20.
The defendant filed an answer to the complaint in which he admitted all of the plaintiff's allegations except the following (1) that the plaintiff had elected her option to accelerate the payments on the instrument; and (2) that the defendant owes the plaintiff the remaining balance of $36,067.20, together with interest and attorney's fees and costs. As to those two allegations, the defendant left the plaintiff to her proof.
The defendant also plead three special defenses: (1) that the parties agreement is unenforceable because it was not disclosed to the court by either party at the time of the dissolution nor was it listed on either party's financial affidavit; (2) that by virtue of a modification of the instrument on October 18, 1993, the defendant's obligation was changed to payments of "$100.00 per month whenever he was able."; and (3) the money owed to the plaintiff was owed by RP Gelinas Painting, a partnership, and/or the partners, jointly.
The plaintiff denied all three special defenses in his reply to special defenses and the issues were joined.
The issues were argued at a bench trial before the court and the court reserved decision.
The court finds that the plaintiff has established by a fair preponderance of the evidence that she had performed services for the defendant which were subsequently memorialized in a written document (identified in the complaint as "Exhibit A."). The original value of the services was $44,255.06. The outstanding balance is $36,067.26 after crediting the defendant with payments made from April 1993 to October 1996. CT Page 10039
Turning to the defendant's three special defenses, the court makes the following findings:
 FIRST SPECIAL DEFENSE — AGREEMENT IS VOID AS AGAINST PUBLIC POLICY
The defendant relies upon the ruling in Baker v. Baker, 187 Conn. 315, (1982) wherein the court was concerned with pretrial agreements between to parties in a dissolution of marriage proceeding. The defendant correctly notes in his memorandum and in his oral argument the fact that in Baker the court held that, BAKER v. BAKER, 187 Conn. 315, 321, (1982)," if concealed from the court, [such agreements] are contrary to public policy and will not be enforced unless in extreme cases where therefusal to do so would assist in the perpetration of an intentionalfraud."(Emphasis added.) Maisch v. Maisch, 87 Conn. 377, 383, 87 A. 729
(1913). See also, Rifkin v. Rifkin, 155 Conn. 7, 9-10, 229 A.2d 358
(1967); Whitney v. Heublein, 145 Conn. 154, 160, 139 A.2d 605 (1958); Koster v. Koster, 137 Conn. 707, 711, 81 A.2d 355 (1951); Hooker v. Hooker, 130 Conn. 41, 47, 32 A.2d 68 (1943); Lasprogato v. Lasprogato,127 Conn. 510, 513, 18 A.2d 353 (1941); Felton v. Felton, 123 Conn. 564,568, 196 A. 791 (1938); Weil v. Poulsen, 121 Conn. 281, 286, 184 A. 580
(1936); Mills v. Mills, 119 Conn. 612, 620, 179 A. 5 (1935).
The court finds that this is such a case.
To allow the defendant to avoid his obligation on an otherwise binding obligation would be tantamount to rewarding the defendant and punishing the plaintiff for failing to disclose an agreement which, arguably, is not even one contemplated by the holding in Baker. The agreement between the plaintiff and defendant is in reality an agreement between master and servant or employer and employee. It is not primarily designed to affect the division of marital assets or any other debt which falls within the jurisdiction of the family court. The debt in question is a demand for compensation by one who provided goods or services to another. The fact that they happened to be married to one another does not, in and of itself; make their agreement one for the transfer or secretion of marital assets. The fact that the defendant made payments after the date of dissolution further indicates that, the dissolution not withstanding, he was cognizant of the fact that he remained obligated to continue to pay on that debt. Public policy would be adversely affected if the defendant were allowed to dishonor this debt.
For that reason the court finds that the defendant has failed to meet his burden of proof with regard to his first special defense.
 SECOND SPECIAL DEFENSE — PLAINTIFF'S CLAIM IS TIME-BARRED BY STATUTE
CT Page 10040
This special defense was not made part of the pleadings. The Second Special Defense specifically set forth in the defendant's Answer and Special Defense dated October 21, 1998, simply alleges that the parties modified their agreement on October 18, 1993. That fact was not stipulated to by the parties and was not the subject of oral argument. For what it may be worth as a special defense, the court considers it to have been abandoned by the defendant.
At the time this motion was argued, the defendant raised the special defense that the action is barred by the statute of limitations. The plaintiff responded to that defense both in her brief and in oral argument.
An essential factor in consideration of this defense is the nature of the agreement of the parties. The defendant perceives the agreement to be a promise to pay wages. The plaintiff perceives the agreement to be a "Promissory Note" — and a copy of it was attached to the plaintiff's Complaint.
The defendant argues that promises for the payment of wages are governed by Section 52-596 of the General Statutes, which is a two year period of limitation. Noting the commencement date of the action, the defendant maintains that the action is untimely and, therefore, barred.
As noted, the plaintiff argues that the instrument in question is a promissory note which, as all written contracts, has a six year period of limitation. A copy of the instrument was attached to the plaintiff's Complaint. It is clearly identified by its caption and, more importantly, by its terms as a "Promissory Note." It is clear from the evidence that the agreement is indeed a promissory note which incorporates one or more obligations owed by the defendant to the plaintiff "for value received" from the plaintiff. That being the case, the plaintiff's claim is not barred by statute and the defendant's Second Special Defense fails.
 THIRD SPECIAL DEFENSE — RP GELINAS PAINTING RESPONSIBLE FOR DEBT
The defendant further argued that any monies owed to the plaintiff for the work she claims to have done is, in fact, due to her from RP Gelinas, a partnership and not the defendant Raymond Gelinas, Jr., personally.
While this special defense is set forth in the defendant's Answer, it was not raised in oral argument or in the defendant's brief and is deemed waived. CT Page 10041
At the time of argument and in his brief the defendant did raise an additional special defense which is that there was no consideration for the Promissory Note which is the basis of the plaintiff's claim in this case. Having reviewed the memoranda and taking into consideration the oral argument regarding this allegation, the court finds that there was in fact consideration running to the defendant for his negotiation of the Promissory Note. As claimed by the plaintiff; the court finds that the defendant, as consideration, had the sum total of the obligation, $44,255.06, become payable not on demand, but in regular payments of $500.00 per month. In addition, he was given the time period of "7.38 years" over which to make said payments. The court finds that those accommodations to the defendant, if he received no other benefit, constitute sufficient consideration making the contract a binding one.
For the foregoing reasons, the court finds that the plaintiff has sustained her burden of proof by a fair preponderance of the evidence and that the defendant has failed to meet his burden as to each of the special defenses he has raised.
Accordingly, judgment is to enter for the plaintiff and against the defendant in the amount of $36,067.20 plus interest, counsel fees and costs, as provided for in the Promissory Note, and for applicable costs and fees.
By the Court
Joseph W. Doherty, Judge