CARYL S. STERN *v.* HAROLD N. STERN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 1—decided June 29, 1973

*Jacob D. Zeldes,* with whom were *Lawrence W. Kanaga* and, on the brief, *Elaine S. Amendola* and *L. Douglas Schrader,* for the appellant (defendant).

*James R. Greenfield,* with whom was *Gerald H. Kahn,* for the appellee (plaintiff).

LOISELLE, J. This appeal challenges the court's award in a divorce action of temporary alimony to the plaintiff, Caryl S. Stern. Harold Stern, hereinafter referred to as the defendant, claims that alimony pendente lite awards may not be made constitutionally under § 46-21 of the General Statutes and therefore the court lacked subject matter jurisdiction to award temporary alimony in the present case. The basic thrust of the defendant's argument is that

§ 46-21 is constitutionally deficient and invalid because it provides alimony pendente lite for wives in such a manner as to violate the equal protection clause of the fourteenth amendment to the federal constitution. The defendant claims that similarly situated females could not be compelled to pay temporary alimony and that the statute therefore discriminates against men solely on the basis of sex.[1]

"The threshold question which must be answered is whether the appellant alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult questions." *Linda R. S.* v. *Richard D.,* 410 U.S. 614, 93 S. Ct. 1146, 35 L. Ed. 2d 536, 540; *Baker* v. *Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663. To establish standing to challenge the constitutionality of a statute one must sustain " 'the burden of proving that the effect or impact of the challenged statute on him adversely affects a constitutionally protected right which he has. "This means a right which he proves that he has under the facts of his particular case and not merely under some possible or hypothetical set of facts not proven to exist." [*Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 471, 217 A.2d 698];' *Adams* v. *Rubinow,* 157 Conn. 150, 152, 251 A.2d 49." *Kellems* v. *Brown,* 163 Conn. 478, 483, 313 A.2d 53.

The plaintiff contends that since the defendant did not seek alimony pendente lite and since he has

---

[1] The Supreme Court of Florida in *Pacheco* v. *Pacheco,* 246 So. 2d 778, 779, described such a claim as "a problem which . . . may become a challenge to advocates of total equality between women and men."

not established any facts which would entitle him to seek such support, his rights have not been adversely affected by the statute. Standing to raise constitutional issues, however, is not limited merely to those who seek the benefits of a statute; if a party can demonstrate that he has sustained or is in immediate danger of sustaining some direct injury as a result of enforcement then he has standing to challenge such enforcement. *Linda R. S.* v. *Richard D.*, supra.

In this case the defendant asserts that he has been ordered to pay alimony pendente lite under a statute which discriminates against him on the basis of sex and that such a discrimination violates constitutional rights guaranteed to him by the fourteenth amendment. This claim presents a sufficient nexus between the defendant's constitutional equal protection rights asserted and financial burden or injury accruing to the defendant because of the alimony award made under § 46-21 which the defendant attacks. As a result of the enforcement of the statute, the defendant has suffered financial injury and this court will recognize his standing to challenge the constitutionality of the statute.

The equal protection clause of the federal and state constitutions does not deny the state the power to treat different classes of persons in different ways. *Reed* v. *Reed,* 404 U.S. 71, 75, 92 S. Ct. 251, 30 L. Ed. 2d 225; *Barbier* v. *Connolly,* 113 U.S. 27, 5 S. Ct. 357, 28 L. Ed. 923. A classification, however, "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co.* v. *Virginia,* 253 U.S. 412, 415, 40 S. Ct. 560, 64 L. Ed. 989.

Section 46-21 provides that the Superior Court may inter alia "order alimony pendente lite to be paid to the wife in any complaint or cross-bill for divorce pending in said court." The operative word in the statute for the purposes of this appeal is "wife." By restricting alimony pendente lite to the wife the legislature has established a classification based, at least in part, on sex. The Superior Court does not have authority to order temporary alimony to a husband nor does the court have power under § 46-21 to compel a woman to support her husband. The statute on its face makes distinctions on the basis of sex and thus establishes a classification subject to scrutiny under the equal protection clause. *Reed* v. *Reed,* supra.

This court has noted that a classification based on sex must be reasonable, not arbitrary, and based on a difference having a fair and substantial relation to the object of the legislation. *Kellems* v. *Brown,* supra. The defendant argues that classifications based on sex, like classifications based on race, lineage and national origin, are inherently suspect and must be subjected to close judicial scrutiny. This argument finds support in the opinion of four of the justices in *Frontiero* v. *Richardson,* 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583, which held that since sex, like race and national origin, is an inimitable characteristic determined solely by accident of birth, the imposition of special disabilities on members of a particular sex because of their sex would seem to violate the basic concept of our system that legal burdens should bear some relationship to individual responsibility. See also *Weber* v. *Aetna Casualty & Surety Co.,* 406 U.S. 164, 175, 92 S. Ct. 1400, 31 L. Ed. 2d 768. The concurring opinion of Mr. Justice Powell in *Frontiero* v. *Richardson,*

supra, convinces this court, however, that a sufficient reason exists for not identifying sex at this time as a suspect classification. As he stated, "[t]he Equal Rights Amendment, which if adopted will resolve the substance of this precise question, has been approved by the Congress and submitted for ratification by the States." *Frontiero* v. *Richardson,* supra, 692. There appears to be no sufficient reason in this case to preempt the resolution of this issue now underway in the political process.[2]

Turning to the merits of the defendant's claim, it is apparent that the sex-based classification of the statute must stand unless it is unreasonable and arbitrary and does not rest on some ground having a fair and substantial relation to the object of the legislation. "It is well settled that a plaintiff who attacks a statute on constitutional grounds has no easy burden. As this court said in *Adams* v. *Rubinow,* 157 Conn. 150, 152–53, 251 A.2d 49: 'Because of the separation of powers, one claiming that a legislative enactment is invalid on the ground that it is unconstitutional must establish its invalidity on that ground beyond a reasonable doubt. *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470, 217 A.2d 698.'" *Kellems* v. *Brown,* supra, 486. The plaintiff urges this court to recognize the legislature's policy of continuing financial protection of women as a "frank recognition of the present status of women."[3]

---

[2] It is appropriate to note that the legislature of this state has ratified the equal rights amendment to the federal constitution.

[3] It is interesting to note that the plaintiff asks this court to take judicial notice of the fact "that women have not yet reached that level of equality which would satisfy even the least militant advocates of women's liberation," while the defendant "urges this Court to" take judicial notice of the recent emancipation of women socially and

Until Public Acts of 1895, chapter 127, providing for alimony pendente lite was adopted, the word "alimony" did not appear in the section of the statutes providing for allowances made to the wife in divorce proceedings and temporary support was not provided by statute. See *Stapleberg* v. *Stapleberg,* 77 Conn. 31, 34, 58 A. 233. The purpose of an order that a husband make payments of support pendente lite to his wife is to afford her a means of livelihood while she is living apart from him pending the determination of the question whether she has a right to separate maintenance. *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 548, 295 A.2d 519. The common-law obligation of the husband to furnish support to his wife is the foundation on which the statutory provision for alimony in this state rests. *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 328 A.2d 674; *Cary* v. *Cary,* 112 Conn. 256, 259, 152 A. 302.

Section 46-21, providing a fund for the current support of the wife, continues the common-law duty of a husband to support his wife and by statute allows the court to compel the husband to provide his wife with a means of livelihood pending the outcome of the divorce action. The court in making its award considers such factors as the estate of the husband, his income, age, health and earning capacity and the age, health, station and separate estate of the wife. *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791; *Olmstead* v. *Olmstead,* 85 Conn. 478, 480, 83 A. 628. There remains, however, the fact that only men are required to incur the obligation of support.

economically and particularly in the area of employment opportunity and recognize that women in this day and age are responsible for their own support unless physically incapable. *Tan* v. *Tan,* 3 Ill. App. 3d 671, 673, 674, 279 N.E.2d 486.

In assessing the legislative policy of § 46-21 extending the duty of a husband to support his wife, this court must determine whether this classification embraces " 'all who naturally belong to the class—all who possess a common disability, attribute or qualification and [whether] . . . some natural and substantial difference germane to the subject or purposes of the legislation [exists] between those within the class included and those whom it leaves untouched.' *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 723, 184 A.2d 42." *Kellems* v. *Brown,* supra, 493. While it is true that a financially fortunate wife could not be compelled under § 46-21 to provide support pendente lite to an impecunious husband, this fact alone does not establish that the statute uses sex as an unreasonable or arbitrary classificatory device. Wives do not have a duty of support at common law. Since § 46-21 is based on the common-law principle of a husband's duty to support his wife, women, even if financially able, do not belong naturally to the class on which the legislature intended to impose the burden of support. The statutory classification is based not exclusively on the sex of the husband but, more importantly, on the legislature's conception of family relationships and its policy that a husband should be, as at common law, primarily responsible for the support of his wife and family. This policy finds consistent expression in other statutes such as § 46-10 which imposes the "duty" of support on the husband. The legislature in prescribing the relative duties of the husband addressed itself to the institution of the family and continued the state's policy of making itself a party to all marriages. *Dennis* v. *Dennis,* 68 Conn. 186, 196–97, 36 A. 34. In its attempt to delegate responsibility for inter-

spousal support, the legislature chose to follow the common-law view of the relative obligations of both parties. While this common-law view may be increasingly less representative of the realities of late twentieth century America, the defendant has failed to show that the legislative policy underlying § 46-21 is at this time unreasonable or arbitrary. The legislature may properly make judgments about family life and family relationships and its judgments will not be disturbed unless they are shown to be clearly unreasonable or arbitrary.

While the United States Supreme Court in *Reed* v. *Reed,* 404 U.S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225, and *Frontiero* v. *Richardson,* 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583, has invalidated sex-based discriminations in state statutes and federal administrative regulations, in both cases the classification was employed to further "administrative efficiency or convenience." Obviously administrative convenience or ease of determination cannot serve as a basis to support the discriminatory statutory scheme since the Supreme Court of the United States has held that "to give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause of the fourteenth amendment." *Reed* v. *Reed,* supra, 76. The case before us, however, presents the issue of whether the legislature can determine that the duties of the husband and not the wife include the support of the family and whether the legislature may prescribe means to enforce this duty even during a divorce proceeding. The answer to both questions must be in the affirmative since the legislature is responsible for prescribing procedures for mar-

riage and divorce and since the state has a vital interest in all marriages and family relationships. The defendant has not met the burden of demonstrating that the statutory classification imposing a duty of support pendente lite under § 46-21 on the husband alone is unreasonable or arbitrary. The statute is constitutional and therefore did provide a sufficient jurisdictional base for the court's award of alimony pendente lite in this case.[4]

Since the defendant has failed to request a finding or to brief the claim that the award of alimony pendente lite to his wife was not justified by her need, this claim cannot be heard and has been abandoned. The award of alimony pendente lite in this case must be sustained. See *Roth* v. *Roth,* 159 Conn. 610, 611, 269 A.2d 79.

There is no error.

In this opinion the other judges concurred.

---

[4] An amended version of § 46-21, § 22 of Public Act 73-373, was adopted by the legislature during the 1973 legislative session and it provides that support pendente lite may be awarded to either of the parties. This clear policy decision is strong evidence that the legislature is conscious and favorably disposed to current theories regarding inter-family relationships. Therefore, it would be inappropriate for this court to "legislate" at this time a provision for alimony pendente lite to husbands under § 46-21. Our decision reiterates the separate magistracies and responsibilities of the legislative and judicial departments.