[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Carl M. Dunham, Jr., is the older brother of the defendant Roger S. Dunham. The plaintiff filed a ten count complaint which alleges that Roger S. Dunham has breached a lease agreement with the plaintiff and has engaged in the unauthorized use of the plaintiff's land. The complaint further alleges that the activities of the defendant have created a nuisance and that Roger S. Dunham has in various ways slandered the plaintiff. The defendant has filed an answer, counterclaim and seven special defenses.
The defendant's counterclaim relates to three hundred acres of land in the Town of New Milford, referred to as the airport property. This property was deeded to the plaintiff by Jessica Scott Dunham, mother of the parties on April 3, 1974, four and a half years before her death on October 23, 1978. The defendant claims in count one that the conveyance to the plaintiff was intended to be in the nature of a trust "for the benefit of the plaintiff[1] and Carl M. Dunham, Jr., and that plaintiff[1] have the beneficial interest in operating and controlling the airport and airport improvements on said land." The second count claims CT Page 1422 that the conveyance was the result of undue influence.
The plaintiff has filed six special defenses to each count. As to count one, the defenses are, lack of standing, res judicata, collateral estoppel, statute of limitations, laches, and statutes of frauds. The defenses to count two are, lack of standing, res judicata, collateral estoppel, statute of limitations, laches and statute of frauds. The plaintiff has moved for summary judgment on the first, second, fourth and fifth special defenses claiming that the defendant does not have standing as a matter of law to bring this action; the causes of action alleged in both counts are barred by the applicable Statute of Limitations, Conn. Gen. Stat. 52-577; the causes of action alleged in both counts are barred by the equitable doctrine of laches, since there has been a fifteen-year delay in bringing this suit, which delay has severely prejudiced the plaintiff as a matter of law; and the defendant has previously raised and litigated these same issues and he is barred by the doctrine of res judicata from doing so again.
In support of his motion for summary judgment, the plaintiff has filed an affidavit. The defendant has filed an affidavit by Attorney Kevin F. Bowen, his counsel in a probate hearing as well as the decree of the probate judge. This affidavit does not comply with section 381 of the Practice Book since the allegations of underlying facts are not made on personal knowledge and do not "set forth such facts as would be admissible in evidence, and. . . show affirmatively that the affiant is competent to testify to the matters stated therein."
 I
Standing.
A reading of both counts of the defendant's counterclaim reveals that the alleged acts by the plaintiff which support these claims are acts which involve the relationship between Carl M. Dunham, Jr. and his mother, Jessica Scott Dunham. As such, any duties owed by Carl were owed to his mother, and not the defendant, Roger Dunham.
Jessica Scott Dunham was the grantor of this property, and the alleged recipient of the promise to hold the land for some unspecified benefit of Roger Dunham, as alleged in the counterclaim. Even if such a promise had been made or requested, the benefit of that promise belongs to the grantor/promisee, Jessica Scott Dunham. Thus, any duty which would have been breached ran directly to Mrs. Dunham, not to Roger Dunham.
As established by the pleadings, the alleged promise was made in 1974. Mrs. Dunham lived for more than four years after that time, and beyond the statute of limitations for enforcing such a promise. Conn. Gen. Stat.52-577. No such claim was ever raised by Mrs. Dunham.
More important, it is elementary that for a tort cause of action, CT Page 1423 one must plead the existence of a duty, a breach of duty, and damages. The counterclaim does not allege any duty owed to Roger Dunham by Carl M. Dunham, Jr. outside of the duties Carl owed to his mother. The defendant, Roger Dunham, lacks standing to raise such claims.
Standing goes to the court's subject matter jurisdiction. Housing Authority v. Local 1161, 1 Conn. App. 154, 157 (1984).
 Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate non-justiciable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. See, e.g., Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663
(1962); Stern v. Stern, 165 Conn. 190, 192, 332 A.2d 78 (1973). These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Maloney v. Pac, 183 Conn. 313, 320-321 (1981).
Roger Dunham can show no injury based on the alleged promises and relationships between Carl Dunham and his mother. Nor can he show any injury based on lack of an inheritance, when the subject property was not in his mother's estate. Therefore, he has no standing to pursue these claims, and Carl Dunham is entitled to summary judgment on his first special defense to both counts of the defendant's counterclaim.
 II
Statute of Limitations.
The conveyance which forms the basis of this suit occurred in 1974. Mrs. Dunham lived for four years six months and twenty days following the conveyance. The claims made by the defendant in count one are undue influence, unfair dealing, and breach of fiduciary duty. Said claims are in the nature of tort causes of action, and are barred by the three year limitations period. Conn. Gen. Stat. 52-577.
"The three year statute of limitations, 52-577, is applicable to all tort actions other than those actions carved out of 52-577 and enumerated in52-584 or another section." United Aircraft Corporation v. International Assn. of Machinists, 161 Conn. 79, 107 (1971), cert. den. 404 U.S. 1016. The tort of fraudulent misrepresentation is governed by the three year statute of limitations period for general torts. Wedig v. Brinster,1 Conn. App. 123, 137 (1983), cert. den., 192 Conn. 803.
It is the nature of the right sued upon, not the form of action or CT Page 1424 the relief demanded which determines the applicability of the statute of limitations. The undue influence which will avoid a deed is an unlawful or fraudulent influence upon the will of the grantor. Accordingly, the applicable statute of limitations for undue influence is 52-577, which limits the bringing of such action to three years. D'Agostino v. D'Addio, 6 Conn. App. 187, 188 (1986), cert. den., 199 Conn. 805.
A common-law tort action to set aside a fraudulent conveyance has not been statutorily excluded from the three year limitations period of 52-577, and therefore an action to recover property alleged to be so conveyed is limited to three years. Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 441
(1988). "A claim of fraudulent conveyance should not be like the sword of Damocles hanging over a title to real property to be dropped at the pleasure of the claimant." Id., at 444.
It is undisputed that the conveyance to the plaintiff in this action took place in April 1974. Even if the limitations period should run as of the date of the final accounting of Jessica Scott Dunham's estate, filed and accepted in January 1981, this claim, brought more than eight years later, is barred by the statute of limitations embodied in 52-577.
The defendant's second count alleges that the wrongful acts enumerated in count one establish Mrs. Dunham's intention to establish a trust in the property she conveyed to Carl, said trust to benefit all three Dunham children. Said trust must be an implied trust, since the complaint does not allege an express trust or the terms thereof.
The cause of action alleged in both counts falls within the three year statute of limitations period of 52-577. Implied trusts are within the statute, and the limitations period begins to run from the time the wrong was committed by which the party becomes chargeable as trustee by implication. Wilmerding v. Russ, 13 Conn. 67, 77 (1863); Arrigoni v. Adorno,129 Conn. 673, 681 (1943). Thus, the plaintiff is entitled to summary judgment on his special defenses to both counts of the defendant's counterclaim.
 III
Laches.
If this court were to find that one or more of the causes of action alleged by the defendant in his counterclaim are more equitable in nature and thus not strictly controlled by the limitations period set by statute, the plaintiff is still entitled to judgment based on the equitable doctrine of laches.
 Laches consists of two elements — first, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant[s]. [Citation omitted.] A mere lapse of time does not constitute laches unless it results in CT Page 1425 prejudice to the defendant[s]. Such prejudice results if the defendant[s] are led to change their position with respect to the matter in question. Haggerty v. Parniewski, 11 Conn. App. 37, 40 (1987).
See also Berin v. Olson, 183 Conn. 337, 344 (1981); Papcun v. Papcun,181 Conn. 618, 620 (1980); Bozzi v. Bozzi, 177 Conn. 232, 239 (1979).
It cannot be seriously contended that a delay of fifteen years in bringing a suit is excusable. Moreover, the plaintiff has been prejudiced by this delay. He has spent many hours over the past fifteen years and thousands of dollars preserving, maintaining, improving, and developing this property. Carl Dunham has also assumed and paid all mortgages and real estate taxes for the past fifteen years. In addition, the plaintiff has conveyed some parcels of this property including one piece to Roger Dunham. The maintenance of this suit exposes the plaintiff and third persons to additional suits and damages due to clouds on these titles. The question of whether a claim is barred by laches is ordinarily a question of fact for the trier. However, when the subordinate facts make such a conclusion inevitable, it becomes a matter of law. Papcun v. Papcun, 181 Conn. 618.
The undisputed facts in this matter warrant a conclusion that the defendant is guilty of laches as a matter of law. Roger Dunham has sat by idly for the past fifteen years, including seven years since the initiation of the prior litigation between Carl and Roger, and allowed Carl Dunham to assume all of the responsibilities and financial burdens of maintaining this property, without challenging the plaintiff's ownership or assuming any of these responsibilities. It may be that the value of this property has increased since 1974, but if it were not for the plaintiff's efforts, the property would not be available today. Roger Dunham would be unjustly enriched if he was now found to have an interest in this property.
Accordingly, the plaintiff is entitled to summary judgment as a matter of law on his fifth special defense to both of the defendant's counts.
 IV
Res Judicata.
The factual matters alleged and the relief sought by the defendant's counterclaim in counts one and two were previously raised by Roger Dunham in the case of Dunham v. Dunham, CV 82-36746, wherein he had a full and fair opportunity to litigate those issues. The pleadings clearly raised the same issues raised in both counts of the defendant's counterclaim. In count three of the previous action, added by amendment on May 1, 1984, Roger Dunham alleged that the defendant, Carl M. Dunham, Jr., "while acting as attorney for the late Jessica Dunham, the estate of Jessica Dunham," engaged in certain wrongful conduct "in securing the alleged transfer of the airport land from Jessica Dunham." CT Page 1426
The complaint requested the court to impose a constructive trust on the 300 acre "airport land" and to order Carl M. Dunham, Jr. to convey to Roger Dunham the 300 acres described by Roger Dunham as the airport land. These matters were fully and fairly litigated and Roger Dunham was permitted every opportunity to present any and all evidence he possessed concerning the fairness of the 1974 conveyance at issue in this case. He also asserted claims on behalf of his mother and her estate, claims identical in all respects to those asserted by him in the counterclaim. After hearing the evidence and the parties' arguments, the trial court, (Kline, J.) directed a verdict against Roger Dunham on those issues. That directed verdict was upheld by the Supreme Court in Dunham v. Dunham, 204 Conn. 303 (1987).
The rules of res judicata are based on public policy that "a party should not be allowed to relitigate a matter when it already has had an opportunity to litigate." In re Juvenile, Appeal, 190 Conn. 310, 318
(1983). "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43 (1987), citing Gagne v. Norton, 189 Conn. 29, 32 (1983).
 A final judgment rendered by agreement or after adjudication on the merits is res judicata as to any claims of the parties relating to the cause of action which were made or which might have been made, and precludes the subsequent assertion of such claims because those claims are merged in the judgment and extinguished. Van Nguyen v. DaSilva, 10 Conn. App. 527, 532
(1987), cert. den., 204 Conn. 803.
The theory of the doctrine of res judicata is embodied in Sections 18 and 19 of the Restatement (Second) of Judgments (1982). Section 19 states that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Thus, Roger Dunham's original claims are merged into the judgment and are thereby extinguished. "[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the claim arose." Section 24(1) of the Restatement (Second) of Judgments (1982).
Section 25 of the Restatement explains that the rule enunciated in Section 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action, or to seek remedies or forms of relief not demanded in the first action. "This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which were asserted but also those which could have been asserted. Cristofaro v. Burlington,217 Conn. 103, 108 (1991); Vakalis v. Kagan, 18 Conn. App. 363, 366-368
(1989); Lehto v. Sproul, 9 Conn. App. 441, 445 (1987). CT Page 1427
Roger Dunham's previous suit raised and asserted claims against this plaintiff based on wrongful conduct and breach of fiduciary duty to Jessica Scott Dunham and to her estate as to the 300 acre airport parcel at issue. Those claims were fully litigated and resulted in a verdict, directed by the trial judge, in favor of Carl M. Dunham, Jr., on those claims, which verdict affirmed by the supreme court. Dunham v. Dunham, 204 Conn. 303
(1987).
Accordingly, Roger Dunham may assert claims already the subject of a final judgment in a previous action. The fact that identical grounds for relief can be supported by different factual allegations or different legal arguments, or couched in different language, renders those grounds no less identical. State v. Aillon, 189 Conn. 416, 427 (1983), cert. den.464 U.S. 837, citing Sanders v. United States, 373 U.S. 1,16 (1963). See also State v. Paradise, 213 Conn. 388, 394 (1990). "A judgment is final not only as to every matter which was offered to sustain the claim, but as to any other admissible matter which might have been offered for that purpose." State v. Ellis, 197 Conn. 436, 462 (1985). The plaintiff is entitled to summary judgment on his second special defense to counts one and two of his counterclaim.
The plaintiff in this case has affirmative defenses to the counterclaim which defenses do not involve issues of material facts and which entitle him to summary judgment as a matter of law. Roger Dunham does not have standing as a matter of law to bring this action. He cannot assert and rely on duties owed to his mother and not to him. The alleged actions which form the basis of this suit occurred fifteen years prior to the filing of this action. The torts alleged in both counts are barred by Conn. Gen. Stat. 52-577, and in count three by Conn. Gen. Stat. 52-584. Any equitable cause of action is barred by the doctrine of laches. Roger Dunham has raised these claims previously, and had a full and fair opportunity to litigate them during the course of the previous lawsuit (Dunham v. Dunham, CV 82-36746). The fact that he was not able to prove these claims and obtain the remedies requested does not entitle him to relitigate the same issues.
For the reasons stated, the plaintiff's motion for summary judgment on his first, second, fourth and fifth special defenses to both counts of the defendant's counterclaim is granted.
PICKET, J.