[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
By complaint dated January 8, 1992, plaintiffs appealed the commission's decision to grant a Certificate of Need (CON) to the above Central Connecticut Rehabilitation Hospital (Docket #91-917). The above named defendants have moved to dismiss the appeal for lack of subject matter jurisdiction in that the plaintiffs have not established aggrievement. Practice Book 143. The court held a hearing on March 2, 1992.
Appeals from decisions of state agencies such as the commission are governed by the Uniform Administrative Procedure Act. "A person who has exhausted all administrative remedies CT Page 3182 available within the agency and who is aggrieved by a final decision in a contested case, is entitled to judicial review by way of appeal under [the UAPA], Connecticut General Statutes4-183 (a)." Park City Hospitals v. Commission on Hospitals and Health Care, 14 Conn. App. 413, 416, 542 A.2d 326 (1988) aff'd210 Conn. 697, 556 A.2d 602 (1989).
The Connecticut Supreme Court in Light Rigging v. Dept. of Public Utility Control, 219 Conn. 168, ___ A.2d ___ (1991), stated:
 Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984). "It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." Connecticut Business Industry Assn., Inc. v. Commission on Hospitals Health Care, 214 Conn. 726, 729, 573 A.2d 736 (1990); Beckish v. Manafort, 175 Conn. 415, 419, 399 A.2d 174 (1978). "Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in not controversy, with each view fairly and vigorously represented. See, e.g., Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Stern v. Stern, 165 Conn. 190, 192. 332 A.2d 78 (1973). . . ." Board of Pardons v. Freedom of Information Commission, 210 Conn. 646, 648-49, 556 A.2d 1020 (1989).
 Neither the DPUC nor the plaintiffs deny that aggrievement is a prerequisite for appeal, nor do they quarrel with the test for aggrievement as set out in our decision in State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 524 A.2d 636 (1987). In that case, we stated that "'[t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination; first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that CT Page 3183 the specific personal and legal interest has been specially and injuriously affected by the decision.'. . ." Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, [supra, 65]. State Medical Society v. Board of Examiners in Podiatry, supra, 299-300. We also stated that "[a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660
(1953). Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980). State Medical Society v. Board of Examiners in Podiatry, supra, 300.
Light Rigging, supra, 172-73.
Unlike the plaintiff in Light Rigging, who was in possession of DPUC certificates, the plaintiffs have not satisfied the first prong of the aggrievement test. The plaintiffs have not shown that they have a specific, personal and legal interest in the subject matter of the commission's decision to approve the defendants' CON application and that such legal interests have been specially and injuriously affected by the commission's approval. The only claim made by the plaintiffs as to such specific interest in the subject matter is that such denial will cause them to "lose the opportunity" to provide the service and gain revenues. Affidavit of William L. Webb, Jr., M.D., appended to plaintiffs' Memorandum. An "opportunity" is not a specific, personal and legal interest in the subject matter.
Nor can the plaintiffs benefit from any administrative finding of facts to support elements of aggrievement. Light Rigging, p. 178. The plaintiffs' appeal admits they were denied party status by the Commission in the instant matter. (Complaint, Para. 36.39) 19a-160-30 (c), Conn. State Regs.
The plaintiffs have failed to establish they are aggrieved by the Commission's decision. The Motion to Dismiss is granted.
BURNS, J.