[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #101
ISSUE
Whether the plaintiff has standing to bring this cause of action.
FACTS
The following facts are alleged in the complaint. The plaintiff, Dattco, Inc., is a Connecticut corporation with a place of business in New Britain, Connecticut. The defendant, Middletown Transit District, is a quasi-municipal corporation existing under the laws of the State of Connecticut. On April 15, 1991, defendant solicited proposals for fixed route transportation pursuant to a Request for Proposal ("RFP"). The RFP was presented for the purpose of obtaining a contract for fixed route transportation awarded upon point-based evaluation considering both cost and qualifications. The RFP contained an award, protest and appeal procedure which would allow bidders to protest the point-based evaluation and selection of a "preferred vendor" prior to the award of the contract. The plaintiff submitted a proposal pursuant to the RFP.
At the time of the bid opening on May 15, 1991, the defendant modified the award and protest procedure to preclude and appeal prior to the award. The plaintiff received the highest point-based evaluation. The plaintiff and two other contractors were selected by the defendant for preliminary negotiations pursuant to the RFP. During the preliminary negotiations, the plaintiff agreed to all requests made by the defendant. At no time did the defendant express dissatisfaction with the plaintiff's performance under the existing contract.
On June 20, 1991, the defendant awarded the contract to Red and Tan Tours. The proposal of Red and Tan Tours will cost the defendant over $50,000.00 more than the plaintiff's proposal. The plaintiff was notified of this decision on June 24, 1991.
Following the negotiations, no point-based evaluation was made of the modified proposals of the three remaining contractors. Upon inquiry by representatives of the plaintiff as to the rationale for the defendant's selection, explanations proffered were inconsistent with the information provided in the proposals submitted. The plaintiff submitted a written protest to the defendant.
The plaintiff argues that the defendant's modification of the award, protest and appeal procedure, the CT Page 5123 defendant's failure to reevaluate the modified proposals on the point-basis criteria established in the RFP, the defendant's failure to state a rationale for its selection, the defendant's improper assignment of points in the evaluation process for items not required in the RFP or requested during preliminary negotiations to all bidders and the defendant's possible predisposition amount to favoritism and collusion and undermine the integrity of the established bid process. The plaintiff also alleges that the defendant failed to conduct the preliminary negotiations in good faith.
The defendant now moves to dismiss the plaintiff's action on the ground that the plaintiff does not have standing to bring it.
DISCUSSION
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . .'" Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). A claim that the plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the trial court." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 767, 594 A.2d 468 (1991); Monroe v. Horwitch, 215 Conn. 469, 472, 576 A.2d 1280
(1990). "The motion to dismiss. . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988).
 "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.'" Ardmare Construction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983). . . ." (Internal quotation marks omitted.) Unisys Corporation v. Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019 (1991). "`Standing is not a technical rule intended to keep aggrieved parties out CT Page 5124 of court; nor is it a test of substantive rights. Rather it is a practical concept designed to insure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. See, e.g., Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Stern v. Stern, 165 Conn. 190, 192, 332 A.2d 78 (1973). These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of a direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a "personal stake in the controversy"; Shaskan v. Waltham Industries Corporation, 168 Conn. 43, 49, 357 A.2d 472 (1975); Baker v. Carr, supra, 204; provides the requisite assurance of "concrete adverseness" and diligent advocacy.'" Board of Pardons v. Freedom on Information Commission, 210 Conn. 646, 648-49, 556 A.2d 1020 (1989), quoting Maloney v. Pac, 183 Conn. 313, 320-21, 439 A.2d 349 (1981).
Rose v. Freedom of Information Commission, 221 Conn. 217,223-24, 602 A.2d 1019 (1992).
 It is a well established principle that "[m]unicipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest." John J. Brennan Construction Company, Inc. v. Shelton, 187 Conn. 695, 702, 448 A.2d 180 (1982); [other citations omitted]. Where the municipality "reserves the right to reject any and all bids, no bidder can claim any contractual rights until he has been awarded the contract." 10 McQuillan, [Municipal Corporations (3d CT Page 5125 Ed. Rev.)], Sec. 29.77. An honest exercise of discretion by a municipality which has reserved such a right will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding. Courts will intervene to prevent the exercise of that discretion to deny a bid, therefore, only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the object and integrity of the competitive bidding process is defeated by the conduct of municipal officials. John J. Brennan Construction Company, Inc. v. Shelton, supra, 703; [other citations omitted].
Spiniello Construction Co. v. Manchester, 189 Conn. 539,543-33, 456 A.2d 1199 (1983); Unisys Corporation v. Department of Labor, supra, 693-94; Ardmare Construction Co. v. Freedman, supra, 502-506.
"Quasi-municipal corporations are governed by the law applicable to municipal corporations." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987), citing Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 547, 427 A.2d 822 (1980).
The plaintiff's allegations, including the allegations that the defendant failed to reevaluate the modified proposals under the point-basis system in violation of the RFP, the failure of the defendant to conduct the preliminary negotiations in good faith and the possible predisposition of the defendant, would, if proven, constitute conduct of the bidding officials which defeats the object and integrity of the competitive bidding process.
The court denies the motion to dismiss in that the plaintiff possesses the requisite standing to bring the action.
AUSTIN, JUDGE CT Page 5126