[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural History
The underlying facts are as follows. On July 17, 1985, Michael N. Karbownik (hereinafter the "defendant") and Karen A. Karbownik[1] acquired title to lots 191 and 192, section C in the Amston Lake subdivision, town of Lebanon, also known as "74 Ryan Terrace" (hereinafter the "property"). The property is located in an area designated as a Lake District zone by the town zoning regulations.[2] On June 12, 1986, the defendant applied for and received a building permit to construct a seasonal dwelling on the property. On December 15, 1990, the defendant received a certificate of occupancy to use the premises as a seasonal dwelling. In February 1995, pursuant to General Statute § 8-12, the Planning and Zoning Commission of the town of Lebanon (hereinafter the "plaintiff") issued a cease and desist order to the defendant to discontinue use of the property as a year-round residence. On March 16, 1995, the defendant's application for a variance was denied by the Lebanon Zoning Board of Appeals. On December 21, 1995, the defendant's second application for a variance was denied by the Lebanon Zoning Board of Appeals.
On February 21, 1996, the plaintiff brought this action against the defendant seeking to enforce § 2.2 of the town of Lebanon zoning regulations as to the property.[3] The gravamen of the complaint is that the plaintiff seeks to enjoin the defendant from using a seasonal property as a year-round residence. On October 23, 1996, the defendant filed an answer and asserted a special defense. On February 11, 1997, the defendant filed an amended special defense asserting that the CT Page 9119 town of Lebanon's zoning regulations violated Article first, Sections 10 and 11 of the Connecticut Constitution, amendmentsfive and fourteen of the United States Constitution, and Connecticut General Statutes § 8-2. On March 12, 1997, the plaintiff filed a motion for summary judgment as to the defendant.[4] On April 18, 1997, the defendant filed an objection to the plaintiff's motion for summary judgment.[5]
II. Summary Judgment, Legal Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle [it] to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp., 229 Conn. 99,105, 639 A.2d 99 (1994); Miller, supra, 233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue."Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
III. Discussion
In support of its motion, the plaintiff asserts that 1) the defendant's failure to answer the plaintiff's request for admissions entitles the plaintiff to summary judgment as to those issues, and 2) the defendant's special defenses are insufficient to create a material issue of fact. In opposition to the plaintiff's motion, the defendant asserts that the zoning regulations are in violation of constitution of the state of Connecticut, the constitution of the United States, and Connecticut General Statutes § 8-2.
There is no dispute that by virtue of the defendant's failure to answer the plaintiff's requests for admission that CT Page 9120 the material allegations in the plaintiff's complaint are deemed admitted. Practice Book § 239; Orenstein v. OldBuckingham Corporation, 205 Conn. 572, 575-76, 534 A.2d 1172
(1987). In addition, the defendant does not contest the material allegations in the plaintiff's complaint in either his memorandum in opposition to summary judgment or in his accompanying affidavit. Rather the defendant asserts by way of special defense that the zoning regulations in question are unconstitutional.
In particular, the defendant alleges that the Lebanon zoning regulations are unconstitutional in that they deprive the defendant of his property without due process of law,[6]
they take the defendant's property for public use without just compensation,[7] they deny the defendant equal protection of the laws,[8] they are in direct violation of Connecticut General Statutes § 8-2 in that the regulations do not promote housing choice and economic diversity in housing, including housing for both low and moderate income households, and they are not uniform for each class or kind of building, structure or use of land throughout the Lake district.
The mere assertion of a special defense does not prevent a court from granting summary judgment. Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980). Successful opposition to a motion for summary judgment requires a recitation of specific facts that contradict those facts set forward in the movant's affidavits and documents. Id. 39-40. In this case, the defendant has asserted various constitutional claims rather than a factual rebuttal.
As to its assertion that the defendant's special defenses are insufficient to create a material issue of fact, the plaintiff challenges both the defendant's standing to bring a constitutional challenge as well as the merit of the claims. "In order for a party to challenge the constitutionality of a statute or an action predicated thereon he [or she] must have standing." Shaskan v. Waltham Industries Corporation,168 Conn. 43, 48-49, 357 A.2d 472 (1957). "Standing is not a technical rule intended to keep aggrieved parties out of court . . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." Stern v. Stern,
CT Page 9121165 Conn. 190, 192, 332 A.2d 78 (1973); Maloney v. Pac,183 Conn. 313, 320-21, 439 A.2d 349 (1981). The requirements of justiciability and controversy are ordinarily held to have been met when a complaint makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Maloney v. Pac, supra, 183 Conn. 321.
The plaintiff has ordered the defendant to cease and desist year-round residence in a house located on property owned by the defendant which has been zoned for seasonal use. The defendant is challenging the constitutionality of the zoning regulation that are being enforced against him. The defendant has standing to bring the constitutional challenge on the ground that the nexus between the alleged injury and the claim sought is obvious and direct.
Given the nature of the defendants special defense this court is not inclined to grant summary judgment. See Kulisch v.Aetna Casualty Surety Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 298498 (April 15, 1994, Reilly, J.). While the claims are nascent, and the burden of proof on the defendant is rigorous, the special defense presents issues of fact better resolved at trial. The plaintiff's motion for summary judgment is denied.
D. Michael Hurley Judge Trial Referee