[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and defendant husband were married on September 9, 1978, in Waterford, Connecticut.
Both of the parties have resided in the State of Connecticut, continuously, for at least one year up to the date of the filing of the complaint. One child, issue of the marriage, was born to the wife during the course of the marriage, to wit: Peter Joseph DiMaggio, born August 10, 1979.
From the evidence presented, the Court finds that the marriage has broken down irretrievably and there is no prospect of any reconciliation.
This is a marriage of thirteen years. In June 1989, the husband left the marital premises and moved in with another woman with whom he had been having an affair. He had another affair previously which he and the woman have readily admitted. The Court finds the husband's adulterous behavior was the major cause of the breakdown of the marriage.
There is evidence that the wife's behavior towards the husband may have, in some way, precipitated the husband's seeking romance with other women. Although the Court does not entirely condone the behavior of the wife and finds that she is not entirely blameless, nonetheless, her contribution to the breakdown pales in comparison to that of the husband's.
Fault, however, is only one of the factors which the Court must consider in determining what orders it should issue in a dissolution proceeding.
When making an award of alimony or the assignment of property, the Court is directed by the legislature to consider the following factors:
". . .the length of the marriage, the causes for the . . .dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties." General Statutes Sections 46b-81 and 46b-82.
These factors to be considered in awarding alimony and making property distributions under the statutes closely parallel those under former case law. Tobey v. Tobey,165 Conn. 742, 748 (footnote 2) (1974); Heard v. Heard, 116 Conn. 632, CT Page 8893 636 (1933). No one factor is controlling. The relevant considerations vary from case to case and depend upon the circumstances of the parties. Chamblis v. Chamblis, 171 Conn. 278,279 (1976). Except for the cause of the breakdown, essentially the same factors are considered in determining the amount of support each spouse should contribute for the maintenance of their minor children.
The plaintiff urges that the Court give significant weight to the cause of the breakdown of the marriage. However, alimony should not be awarded as a reward to a spouse for virtue and punishment for wrongdoing. Even upon our old divorce laws based on fault, our Supreme Court has consistently held that ". . .(t)he primary basis for an award of alimony has been not to punish a guilty spouse but to continue the duty to support the other. . ." Tobey v. Tobey, supra, at 748; Cary v. Cary, 112 Conn. 256, 259 (1931). It follows that the primary consideration in awarding alimony is "to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor the ability to be self sustaining. Lefler v. Lefler, 244 So.2d 112, 113-114
(Fla.App. 1972).
The defendant, who is 47 years of age, is a store manager for Finast. He currently has a base salary of approximately $58,000 per year. He testified that in 1990 he received $4,400 in bonus money and $10,000 in 1989. He also testified that the bulk of the bonus money he received in the recent past was spent on vacations. He presently lives with a girlfriend with whom he shares many of the household expenses. He is obviously a hardworking man who has a good work history. His health appears to be good.
The plaintiff wife is in relatively poor health as the result of a serious motor vehicle accident in 1983. The Court has very carefully reviewed all of the medical exhibits. It appears that her subjective symptoms have resulted in her receiving medical opinions that she is unable to work. She was denied social security disability payments, not on the merits, but rather because she did not have sufficient working units for consideration. The Court is not totally convinced that she is totally unable to work. Further, the Court is concerned about her failure to try to find some type of suitable employment. Nevertheless, the evidence amply supports this Court's finding that whatever employment she is able to find at this time falls within a very limited range.
The financial disaster which has befallen the wife is of gargantuan proportion. Partly because of poor judgment and partly due to circumstances beyond her control, all of the CT Page 8894 money received by her from the accident is gone and she has bills in excess of $100,000. This is truly a tragedy. An obviously ill-advised pursuit of a legal claim has cost her in excess of $75,000. Other less costly ventures, but equally spawned by bad judgment, have left her virtually on the verge of bankruptcy. The Court, obviously, cannot, by its orders, solve the many financial woes which now plague the parties.
Having carefully reviewed all of the oral evidence, stipulations and exhibits and taking under consideration all of the factors contained in Connecticut General Statutes Sections 46b-81 and 46b-82, the Court further orders as follows:
(1) A decree of dissolution may enter.
(2) Custody of the minor child is awarded to plaintiff mother with father having limited contact with the minor son until such a time as the son feels comfortable to initiate contact with his father. Any contact is to be supervised by an adult. These visitation rights are in conformity with those recommended by Dr. Donald McIntyre (Exhibit E-2).
(3) Defendant shall pay the sum of $260 per week as child support, said sum to be secured by an immediate wage garnishment. The amount of child support ordered by the Court is substantially in conformity with the Child Support Guidelines.
(4) The Court assigns all of the husband's interest in the marital home located at 11 Pin Oak Trail, Old Lyme, to the wife. She shall be responsible for the payment of the mortgage, insurance, taxes and all other expenses attendant to the ownership of said premises and shall hold the husband harmless from any and all claims.
(5) Husband shall pay to the wife the sum of $150 per week as periodic alimony until the happening of the first of the following events:
(a) Death of either party;
(b) Remarriage by the wife;
(c) Cohabitation by the wife;
(d) November 1, 2005.
This payment shall also be secured by an immediate CT Page 8895 wage execution.
(6) The husband shall maintain medical and dental insurance coverage, as available through his employment, for the benefit of the minor child. All unreimbursed medical and dental expenses shall be paid 65 percent by the husband and 35 percent by the wife. These orders are made subject to and in accordance with Connecticut General Statutes Section 46b-84(c).
(7) The husband shall make available through his employment any medical insurance program for her benefit provided she shall be responsible for the payment of 50 percent of the premium and he will pay 50 percent as well.
(8) The husband shall name his son as irrevocable beneficiary under his present life insurance policy or policies until the child attains his majority. Thereafter, the wife shall be named as irrevocable beneficiary for a period of six (6) years.
(9) The husband shall forthwith assign any death benefit available through his pension plan to the wife.
(10) The defendant husband shall indemnify and hold harmless the plaintiff wife from any liability she shall ever have by reason of having filed joint income tax returns with the defendant.
(11) The husband shall, within 90 days, pay to the wife the sum of $20,000 as a property settlement.
(12) All of the personal property, furniture, etcetera, presently located at the marital home shall be the sole and exclusive property of the wife with the exception of the following, which shall be the sole and exclusive property of the husband:
(a) VCR
(b) Elgin television
(c) His personal papers and belongings
(13) All of the stock listed on the parties'
financial affidavits shall be divided equally between the parties.
(14) The 1985 Oldsmobile Toronado and 1976 Pontiac CT Page 8896 Grand Prix shall become the sole and exclusive property of the wife and the husband shall execute any and all documents necessary to affect said purpose.
(15) All of the liabilities, except as hereinabove provided, shall be paid by the party listing said liabilities on her or his financial affidavit with the exception of Dr. McIntyre's bill which shall be the responsibility of the husband. Each shall indemnify and hold the other harmless from all claims and obligations.
(16) The husband shall be entitled to keep any and all interest in his 401K plan.
(17) Each party shall be responsible for his or her own legal fees.
MIHALAKOS, J.