[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband at Floral Park, New York, on June 5, 1971. Her birth name was Joan Patricia Kiefer. She has resided in the State of Connecticut continuously for at least one year CT Page 3149 prior to the commencement of this proceeding.
Three children were born to the wife, all issue. Only one is a minor, to wit: Cheryl L. Arella, born April 26, 1978.
The defendant husband represented himself during the course of this trial. The wife was represented by Attorney Susan Wilcox-Johnson.
Custody was not an issue during the trial.
The majority of time of trial was spend on fault issues. The plaintiff urges the Court to give significant weight to the cause of the breakdown of the marriage. Fault, however, is only one of the factors which the Court must consider in determining what orders it must issue in a dissolution proceeding.
When making an award of alimony or assignment of property, the Court is directed by the legislature to consider the following factors: "the length of the marriage, the causes for . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. . . ." Connecticut General Statutes, Secs. 46b-81 and 46b-82.
The above factors to be considered under sections 46b-81 and 46b-82
closely parallel those factors considered under former case law. Tobey v. Tobey, 165 Conn. 742, 748 n. 2 (1974); Heard v. Heard, 116 Conn. 632,636 (1933). No one factor is controlling. The relevant considerations vary from case to case and depend upon the circumstances of the parties. Chambliss v. Chambliss, 171 Conn. 278, 279 (1976). Except for the cause of the breakdown, essentially the same factors were considered in determining the amount of support of each child. The "guideline" criteria have since supplanted this latter approach to determining child support. In any event, alimony should never be awarded solely as a reward to a spouse for virtue, nor as punishment to the other spouse for wrongdoing. Even upon our old divorce laws which were based primarily on fault, our Supreme Court consistently held that "[t]he primary basis for an award of alimony has been not to punish a guilty spouse but to continue the duty to support the other. . . ." Tobey, supra, 748; Cary v. Cary, 112 Conn. 256, 259 (1931). It follows that the primary consideration in awarding alimony is "to provide nourishment, sustenance and the necessities of life to a former spouse, who has neither the resources nor the ability to be self-sustaining." Lefler v. Lefler,244 So.2d 112, 113-114 (Fla.App. 1972).
The husband is in good health. The wife, however, had cancer surgery CT Page 3150 in May, 1993, and has also been diagnosed as having intestinal problems and has a prediabetic condition.
The wife testified that the husband admitted to her that he had a sexual affair with another woman. In August, 1989, the wife gave him the option of terminating his affair or leaving the marital home. The husband left. He returned in December, 1989. The marriage did not improve, although the wife does admit that her husband was a good provider, giving her his entire pay check less what he needed for day to day expenses.
The Court need not dwell on the charges and countercharges. Suffice it to say that although both may have contributed to the breakdown of the marriage, the greater fault lies with the husband.
Having considered all of the evidence and having considered the mandate of Connecticut General Statutes, Secs. 46b-81, 46b-82 and 46b-84, the Court finds and orders as follows:
1. The marriage has broken down irretrievably and a decree of dissolution is entered.
2. There shall be joint custody of the minor child with physical custody in the mother. The father shall have rights of liberal visitation which shall include at least four (4) weeks in the summer and alternate holidays.
3. The husband shall pay for the support of the minor child the sum of three hundred seventy-five ($375) dollars per week. The Court finds that the guidelines are inapplicable because of the husband's income which exceeds the maximum computation. An immediate wage execution is ordered.
4. The husband shall pay to the wife, as periodic alimony, the sum of three hundred fifty ($350) dollars per week until the happening of the first of the following events:
a) death of either party;
b) wife's cohabitation;
c) wife's remarriage;
d) fifteen years from the date of this decree. CT Page 3151
In no event shall the term be modifiable.
The Court has considered very carefully the consequences of time limited alimony. In light of the length of the marriage and the health of the wife, it would appear that alimony should not be limited. However, given the Court's distribution of assets, the Court is of the opinion that the time limited award is justified.
5. The balance of the funds held in escrow by Attorney Ronald George shall be come the sole and exclusive property of the wife.
6. The husband shall maintain medical and dental insurance, as available through his employment, for the benefit of the minor child. All unreimbursed medical expenses shall be paid 65 percent by the husband and 35 percent by the wife. The provisions of Connecticut General Statutes, Sec. 46b-84c shall apply.
7. Parenting classes are waived.
8. The husband shall have sole and exclusive ownership of the condominium real estate in Pennsylvania and the boat. All debts relating to said properties shall be the sole and exclusive obligation of the husband and he shall hold the wife harmless.
The wife shall execute and deliver any and all documents which may be necessary to vest sole title in the husband.
9. Plaintiff shall be responsible for the debt to her mother in the amount of three thousand five hundred ($3,500) dollars.
10. Any capital gains which have or will be incurred as a result of the sale of the marital home shall be divided by the parties. Each shall hold the other harmless from any claim as to his or her share of payment.
11. Any tax liability incurred from joint tax returns which have been filed shall be the sole responsibility of the husband. He shall hold the wife harmless.
12. As a property settlement and to reimburse the wife for the tool money claim, the garbage bill and the car taxes paid from the closing, as well as any arrearage for alimony, the husband shall pay to the wife the sum of three thousand ($3,000) dollars within thirty (30) days.
13. The husband shall assign to the wife 40 percent of the present value of his Merrill Lynch IRA deferred compensation account by way of CT Page 3152 a QDRO.
14. The husband shall pay to the wife, as an allowance to prosecute, the sum of five thousand ($5,000) dollars on or before ninety (90) days from the date of this decree.
15. An immediate wage garnishment shall issue to secure the payment of child support and alimony.
16. Except as otherwise provided herein, each of the parties shall pay for his or her own liabilities.
Mihalakos, J.